**Martin THOMPSON and Charles Wood, Appellants,**

v.

**CITY OF AUSTIN, Appellee.**

No. 03-97-00490-CV.

Court of Appeals of Texas, Austin.

April 24, 1998.

D. Phillip Adkins, Austin, for Appellant.

Christopher A. Knepp, Vinson & Elkins, L.L.P., Austin, for Appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellants, Martin Thompson and Charles Wood, sued the City of Austin for failure to reappoint them as municipal court judges, alleging discrimination and violations of the Open Meetings Act and the Government Code. The trial court granted summary judgment in favor of the City on all causes of action. The principal issue presented is whether municipal court judges are employees under the Texas Commission on Human Rights Act. Because we hold that they are not employees and find no other violations, we will affirm the trial court's judgment.

## BACKGROUND

The City Council of Austin (the "Council") appointed Thompson and Wood to serve as municipal court judges for a two-year term, effective March 15, 1992. From the beginning of their appointment, Thompson and Wood vociferously advocated the rights of

the disabled and for improving the court's compliance with the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101–213 (1994)). As an individual with certain disabilities, Thompson initially requested greater accessibility to courtrooms for those with disabilities.[1] During his crusade, he gathered support from Wood and other judges.[2] Together they requested fully accessible courtrooms, including accessible doorknobs, accessible parking, and ramped benches. Thompson and Wood also asked for a larger key access pad for the security door to the judges' chambers and objected to the installation of a new and less accessible filing system. Both judges appealed to the clerk of the court for modification of the municipal court building, placed the issue on numerous judicial agendas of the municipal court, and presented it at oversight committee meetings. When the clerk failed to respond to Thompson's satisfaction, he voiced complaints to many judicial assistants and prosecutors about the clerk's resistance to necessary modification of the court building. Wood observed that relations between Thompson and the clerk became increasingly tense and finally deteriorated completely. In late December 1993, the Council met in executive session to discuss the composition of the municipal court bench for the new term beginning January 1, 1994. Later that same day, the Council reconvened in an open meeting and voted to appoint different judges instead of appellants for the next term.

Thompson and Wood brought suit alleging that by not reappointing them as municipal court judges, the Council discriminated against appellants because of their individual disabilities. Appellants further assert that the clerk of the court and the Council retaliated against them for their exuberant advocacy on behalf of the disabled and their insistence upon making the municipal court building more accessible. Appellants believe these actions of the Council violated the Texas Commission on Human Rights Act (TCHRA), which protects employees from unlawful employer discrimination. *See* Tex. Lab.Code Ann. §§ 21.001–.405 (West 1996 &

Supp.1998). Furthermore, appellants assert that the Council violated the Texas Open Meetings Act (TOMA) when it allegedly determined the judicial appointments in an executive session. *See* Tex. Gov't Code Ann. §§ 551.001–.146 (West 1994 & Supp.1998). Finally, appellants assert the Council's actions violated section 29.005 of the Texas Government Code, which creates a two-year minimum term for municipal court judges. *See* Tex. Gov't Code Ann. § 29.005 (West 1988 & Supp.1998). Because appellants' appointments were effective March 15, 1992, they assert that their two-year terms extended until March 14, 1994.

The City moved for summary judgment on each of appellants' causes of action, urging that (1) municipal court judges do not qualify as employees under the TCHRA; (2) appellants waived their right to assert a claim under TOMA; and (3) no violation of section 29.005 occurred because the term of office for the judges ended December 31, 1993. The trial court granted summary judgment for the City on all three causes of action. Thompson and Wood bring this appeal, seeking reversal of the summary judgment and a remand to the trial court for a trial on the merits.

## DISCUSSION

■■■■ A defendant seeking summary judgment based on a plaintiff's inability to prove the case must conclusively disprove at least one element of each of the plaintiff's causes of action. *See Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). Because the propriety of summary judgment is a question of law, we review the trial court's decision de novo. *See Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994). When a trial court does not state the basis for its decision in its summary-judgment order, we must uphold the order if any of the theories advanced in the motion are meritorious. *See Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989).

---

**1.** Thompson uses a cane and a motor scooter for mobility.

**2.** Wood suffers from multiple sclerosis and trigeminal neuralgia.

## I. SECTION 29.005 OF THE TEXAS GOVERNMENT CODE

■ Thompson and Wood argue that the Council discriminated against them either by removing them from their jobs or by failing to reappoint them. With regard to the first allegation, they assert in their third point of error that the Council terminated their contracts early (December 31, 1993), in violation of section 29.005 of the Texas Government Code, when their term should have ended March 14, 1994. *See* Tex. Gov't Code Ann. § 29.005. However, the appellants have no claim under this theory as this provision merely dictates the length of a term of office and does not create any private cause of action.[3] Furthermore, although the term of the office of a municipal court judge of Austin is two years, the Code states that a term begins the first of January on even-numbered years, and thus the term must end on December 31 of odd-numbered years. Austin, Tex., Code, Charter, art. VI, § 2 (1997).

■ In *Spears v. Davis*, the Texas Supreme Court emphasized the distinction between the term of an office and the tenure of an office holder. *Spears*, 398 S.W.2d 921, 926 (Tex.1966). The court stated, " '[I]t must be distinctly borne in mind that the term of office as fixed by law is entirely different from the period of time such office is held by the incumbent.' " *Id.* at 926 (quoting *People ex rel. Holdom v. Sweitzer*, 280 Ill. 436, 117 N.E. 625 (1917)). The term of office for municipal judges in Austin extends two years, through December 31 of odd-numbered years, regardless of when an individual judge is appointed to the bench. A late-appointed judge or one appointed to serve an unexpired term will have a tenure of office less than two years.

■ The resolution appointing appellants became effective March 15, 1992. Thompson

and Wood had a tenure of less than two years but both served until December 31, 1993, the last day of their term of office. The Council did not remove appellants from office or terminate their contracts early. Consequently, we overrule appellants' third point of error.

## II. TEXAS COMMISSION ON HUMAN RIGHTS ACT (TCHRA)

Now that we have determined that the Council did not remove appellants from office, the primary issue underlying this appeal is whether the Council violated the TCHRA in its failure to reappoint Thompson and Wood as municipal court judges. In their first point of error, Thompson and Wood assert that the Council violated sections 21.051 and 21.055 of the TCHRA by discriminating and retaliating against them when it did not reappoint them as municipal court judges. The relevant portion of section 21.051 of the TCHRA states:

> [a]n employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer: (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment. . . .

Tex. Lab.Code Ann. § 21.051 (West 1996). Appellants also assert a claim under section 21.055, which states:

> [a]n employer . . . commits an unlawful employment practice if the employer . . . retaliates or discriminates against a person who, under this chapter: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint. . . .

---

3. Section 29.005 states, "The judge of a municipal court serves for a term of office of two years unless the municipality provides for a longer term pursuant to Article XI, Section 11, of the Texas Constitution." Tex. Gov't Code Ann. § 29.005 (West 1988 & Supp.1998).

Appellants have also cited the incorrect statute as authority. Section 29.005 governs municipal courts; however, appellants were judges for a municipal court of record, which during the rele-

vant period was governed by section 30.324(b) of the Government Code. *See* Tex. Gov't Code Ann. § 30.324(b) (West 1988). Texas Government Code sections 30.321 to 30.344 are renumbered as sections 30.00731 to 30.00754. *See* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.22, 1997 Tex. Gen. Laws 327, 391 (Tex. Gov't Code Ann. §§ 30.00731–.00754 (West Supp.1998)). We will refer throughout to the older version of the statute.

Tex. Lab.Code Ann. § 21.055. The TCHRA includes "municipality" in its definition of "employer." Tex. Lab.Code Ann. § 21.002(8)(D). The term "employee" is defined as an individual employed by an employer with an exception that does not apply here. Tex. Lab.Code Ann. § 21.002(7).[4] Neither appellants nor the City dispute that the City is an employer under the TCHRA. The critical question is whether Thompson and Wood are employees under the act.

### A. Employee v. Public Official

▆▆▆ In order for the protections of the TCHRA to apply here, a municipal judge must be an employee.[5] In light of the nature and function of a municipal court judge and relevant case law, we hold that such a judge is not an employee but a public official who is not covered under the TCHRA. Although case law in Texas regarding our concern is quite limited, one case in particular is instructive. In *Guerrero v. Refugio County,* the Corpus Christi Court of Appeals applied a federal test, the hybrid "economic realities-

common law control" test, for determining whether an individual was an employee under TCHRA. 946 S.W.2d 558, 566 (Tex. App.—Corpus Christi 1997, no writ). Generally used to distinguish between employees and independent contractors,[6] this test combines the important element of the employer's right to control the employee[7] with the economic realities of the working relationship.[8] The *Guerrero* court extended the use of this test to the context of public officials.

Guerrero, a county auditor, sued the county and various district judges for failing to reappoint him to his position when his term expired, alleging discrimination in violation of the TCHRA. *Id.* at 562. The county and judges moved for summary judgment on the grounds that Guerrero did not qualify as an employee under the TCHRA. *Id.* at 565. Applying the federal test, the court found that Guerrero was not an employee of either the county or the judges. *Id.* at 566–69. Because the control aspect comprised the most important part of the employment rela-

---

4. For reasons stated in Subpart C, we conclude that this definition of "employee" is applicable.

5. The Texas Legislature designed the TCHRA to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. Section 2000e et seq.)." Tex. Lab.Code Ann. § 21.001(1) (West 1996 & Supp.1998). Consequently, when Texas law is sparse, the courts are entitled to examine federal case law for guidance. *E.g., Guerrero v. Refugio County,* 946 S.W.2d 558, 566 (Tex.App.—Corpus Christi 1997, no writ); *Benavides v. Moore,* 848 S.W.2d 190, 193 (Tex.App.—Corpus Christi 1992, writ denied); *cf. Syndex Corp. v. Dean,* 820 S.W.2d 869, 871 (Tex.App.—Austin 1991, writ denied).

    Federal courts recognize that Title VII covers only those individuals who have a direct employment relationship with an employer, in other words, individuals who are employees. *Spirides v. Reinhardt,* 613 F.2d 826, 829 (D.C.Cir.1979); *see also Diggs v. Harris Hospital–Methodist, Inc.,* 847 F.2d 270, 272 (5th Cir.1988), *cert. denied,* 488 U.S. 956, 109 S.Ct. 394, 102 L.Ed.2d 383 (1988); *Broussard v. L.H. Bossier, Inc.* 789 F.2d 1158, 1159 (5th Cir.1986). Thus, with regard to the TCHRA, the individual must be an employee to receive its protections. *E.g., Guerrero,* 946 S.W.2d at 558.

6. *See, e.g., Deal v. State Farm County Mut. Ins. Co. of Tex.,* 5 F.3d 117 (5th Cir.1993); *Fields v. Hallsville Indep. Sch. Dist.,* 906 F.2d 1017 (5th Cir.1990), *cert. denied,* 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991); *Diggs,* 847 F.2d at

270; *Spirides,* 613 F.2d at 826; *Benavides,* 848 S.W.2d at 190.

7. In the seminal case for this federal test, the court stated "the extent of the employer's right to control the 'means and manner' of the worker's performance is the most important factor to review.... If the employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved, an employer/employee relationship is likely to exist." *Spirides,* 613 F.2d at 831–32.

8. The factors for examination include: (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties. *Spirides,* 613 F.2d at 832.

tionship, the court focused "on whether the alleged employer has the right to hire and fire the employee, the right to determine the employee's schedule, and the right to supervise the employee's work." *Id.* at 566. The court also examined the economic realities of Guerrero's relationship with the county and the district judges as suggested by federal courts. *Id.* (citations omitted). The court found that neither the county nor the district judges had any control over the operations of the county auditor and that the economic realities did not weigh in favor of finding an employment relationship. *Id.* at 567–69. Consequently, the court held that under the federal hybrid test, Guerrero was not an employee for purposes of the TCHRA. *Id.* at 569.

■ Applying the control prong of the hybrid test to the present case, we first examine whether the Council has the right to control the "means and manner" of municipal judges' performance. While the Council enjoys the power to appoint municipal judges, it is limited in its selection of individuals by the statute; for example, only a qualified attorney residing in Austin may be eligible for appointment. Tex. Gov't Code Ann. § 30.324(b), (g) (West 1988 & Supp.1998); [9] Austin, Tex., Code, Charter, art. VI, § 2. The power to remove those judges is even more limited. Austin's Charter provides that municipal judges may be removed "only for cause or disability." Austin, Tex., Charter, art. VI, § 2. Moreover, municipal court judges may be removed in the same manner as a county judge under section 30.325(c) of the Texas Government Code, and county judges may only be removed upon a finding of incompetency, habitual drunkenness, or other causes defined by law. Tex. Const. art. V, § 24; Tex. Gov't Code Ann. § 30.325(c). In addition, municipal judges have the independent authority to create their own procedural rules. Tex. Gov't Code Ann. § 30.340. Thus, we cannot find that the Council possessed the necessary and most important element in an employment relationship: the right to control.

■ Nor does application of the economic-realities prong lead us to conclude that municipal judges are employees. Although the City does provide a salary and other benefits for the municipal judge, that amount may not be altered during the judge's term or made dependent upon court fines, fees, or costs. Tex. Gov't Code Ann. § 30.324(h); Austin, Tex., Code, ch. 2–5, § 2-5-19. Although the Council provides municipal judges with an office, supplies and staff, the *Guerrero* court has held that provision of supplies alone will not create an employment relationship. *Guerrero*, 946 S.W.2d at 567. Furthermore, we can find no integral relationship between the work of the municipal court and the work of the Council. *See id.* at 569. Applying *Guerrero*'s hybrid test and given the overwhelming lack of the Council's right to control municipal judges, we conclude that appellants are not employees.

■ This conclusion that Thompson and Wood are not employees because of the lack of the Council's right to control their judicial functions comports well with the fundamental doctrine of the separation of powers. Article II of the Texas Constitution divides the sovereign functions of government, creating a legislative branch, an executive branch, and a judicial branch, each with its own exclusive powers. Tex. Const. art. II, § 1. Historically, the judiciary has been privileged with a sacred independence necessary to maintain the impartiality required to determine the law. A judge must be independent from the outside influence of the other branches of government. Thus, the very nature of the office demands that a municipal judge be independent of the Council in exercising this sovereign power.

■ Entrusted with independent and sovereign powers, judges are public officers and public officers cannot be employees. "The determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 154 Tex.

**9.** For Texas Government Code sections 30.321– .344 referenced in text *see supra* note 3.

547, 280 S.W.2d 578, 583 (1955). A public officer "is authorized by law to independently exercise functions ... subject to revision and correction only according to the standing laws of this state." *State ex rel. Hill v. Pirtle,* 887 S.W.2d 921, 931 (Tex.Crim.App. 1994). The Texas Government Code and the Austin City Charter delineate some of these judicial sovereign powers and independent functions. Municipal judges exercise jurisdiction over criminal cases arising under the ordinances of the city. Tex. Gov't Code Ann. § 30.323. The judge may also take judicial notice of the ordinances, grant writs of mandamus, attachment, and other writs necessary to effectuate jurisdiction of the court, and may issue writs of habeas corpus. Tex. Gov't Code Ann. § 30.324(c). In exercising these powers, the municipal judge's actions may not be reviewed by any other party, including the Council. The Council's lack of control results naturally from the separation of powers doctrine and sovereign nature of both the executive and judiciary branches. The Council, which has been endowed with executive and administrative powers, does not exercise control over the independent municipal court; the Council cannot control or influence the decisions of the municipal judge.

The office of a municipal judge bears all the indicia of a public office: the judge is a member of the judiciary authorized to pronounce judgment and to adjudicate the rights of parties appearing in court; the judge occupies a position of responsibility to the public and is governed by a fixed term of office with specific removal provisions; the judge must meet statutory qualifications for holding the position and is required to take an oath of office. *See Tarrant County v. Ashmore,* 635 S.W.2d 417, 420 (Tex.1982); *Aldine,* 280 S.W.2d at 581; *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 644 (1933).

Appellants were appointed for a fixed two-year term and were required to take an oath before entering office. *See* Tex. Gov't Code Ann. § 30.324(b); Austin, Tex., Code, Charter, art VI, § 2. Their removal is governed by the Texas Government Code and the Texas Constitution dictating that only district court judges may remove municipal judges from office. Tex. Const. art. V, § 24; Tex. Gov't Code Ann. § 30.325(c). Furthermore, appellants had to be qualified attorneys in good standing as dictated by statute. Tex. Gov't Code Ann. § 30.324(g); Austin, Tex., Code, Charter, art VI, § 2. As independent judges, Thompson and Wood are public officers and therefore are not protected under the TCHRA.

### B. Separation of Powers

Even if Thompson and Wood were employees, we could not apply the TCHRA to their situation as this would violate the separation of powers doctrine: "[W]here a legislative body such as a city council, has the power to do something ... it cannot be subject to inquiry by the courts as to good faith, motives, reasons or purposes." *Keaton v. Ybarra,* 552 S.W.2d 612, 615 (Tex.App.—Corpus Christi, 1977, writ ref'd n.r.e.); *see also City of Austin v. Quick,* 930 S.W.2d 678, 684 (Tex.App.—Austin 1996, no writ) (holding *de novo* judicial review of delegated legislative function violated separation of powers doctrine and therefore, was unconstitutional). Courts uphold this rule whenever a valid provision of a home-rule charter vests a discretionary power in a city council. *Keaton,* 552 S.W.2d at 615. Austin is a home-rule municipality that vests its city council with discretionary powers to appoint municipal judges. Austin, Tex., Code, Charter, Preamble & art. VI, § 2.

Thompson and Wood would have us review the decision of an independent city council to appoint municipal judges. The Council members enjoy the discretionary power to appoint whomever they see fit to serve as a municipal judge. Austin, Tex., Code, Charter, art. VI, § 2. No course for review of this decision exists. The only check on the judgment of the Council in this context is the response of its constituency. If the Council has abused its powers to appoint appropriate municipal judges, the people of Austin have the power to elect other council members at the next election. The review of such Council decisions rests with the electorate and not with any court.

## C. Legislative History

Notwithstanding the Council's lack of control over municipal judges and the separation of powers doctrine, Thompson and Wood argue that the legislative history of the TCHRA indicates that during the relevant period, judges were considered employees under the act. At the time the alleged discrimination occurred, the governing statute had recently undergone conflicting changes. During 1993, the legislature repealed and recodified the TCHRA.[10] During the same year, the legislature amended the old statute.[11] The problem of statutory construction arose because the recodification and the amendment to the repealed act, both of which became effective September 1, 1993, contained conflicting definitions of employee: the recodification excluded from the definition of employee elected public officials and their "appointees on the policy-making level," but the amendment had no such exclusion.[12] When an internal contradiction exists, the amendment is preserved and given effect through the new code. Tex. Gov't Code Ann. § 311.031(c) (West 1988); *see also R.E.M. v. State,* 532 S.W.2d 645, 651 (Tex.App.—San Antonio 1975, no writ) (holding amendment to statute through family law code controlled over adoption of new penal code provision). Consequently, the definition of "employee" as written in the amendment prevails without the exclusion for "appointees on the policy-making level."

[18] Thompson and Wood assert the deliberate removal of this exclusion indicates legislative intent to encompass municipal judges within the definition of employee. They argue that municipal court judges are considered appointees on the policy-making level and now qualify as employees. While appellants have correctly assessed the rule of law effective at the time of the alleged discrimination, the absence of the exclusion does not help their case. Municipal judges, as members of the judicial branch of government, do not exercise policy-making authority. Typically, this policy-making role belongs to the legislative branch of government, as evidenced in Article II of the Texas Constitution. Tex. Const. art. II, 1; *see also In re Johnson,* 554 S.W.2d 775, 780 (Tex.App.—Corpus Christi 1977), *writ ref'd n.r.e. by per curiam op.,* 569 S.W.2d 882 (Tex.1978) (articulating separation of powers doctrine and recognizing that while legislature may delegate duty to administer and enforce legislative functions, "the legislature cannot impose a function upon the judiciary that is legislative in nature.") (citing *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526 (Tex.1975)). Neither Chapter 2–5 of the Code of Austin governing municipal courts [13] nor sections 30.321–.344 of the Texas Government Code, which create a municipal court of record for Austin, delegates any policy-making authority to its municipal judges. As Austin's municipal court judges, Thompson and Wood are not "appointees on the policy-making level." [14] Consequently,

---

10. Article 5221k of the Texas Civil Statutes (the previous Commission on Human Rights Act) was repealed and recodified as chapter 21 of the Texas Labor Code. *See* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 990. (For current code, *see* Tex. Lab.Code Ann. §§ 21.001–.405 (West 1996 & Supp.1998)).

11. *See* Act of May 14, 1993, 73d Leg., R.S., ch. 276, §§ 1–7, 1993 Tex. Gen. Laws 1285.

12. Although in the 74th Legislative Session, the legislature amended the definition of "employee" in the Labor Code to conform to the 1993 amendment, which did not contain the exclusionary provision, the law prevailing at the time the events occurred in this case contained this conflict. *See* Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 9.02, 1995 Tex. Gen. Laws 458, 621–22.

13. Austin, Tex., Code, ch. 2–5, art. II, §§ 2–5–1–2–5–20.

14. In *Gregory v. Ashcroft,* the United States Supreme Court found for purposes of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–34 (1994), the category of "appointees on the policy-making level" was sufficiently broad to make it ambiguous whether state judges are employees given the existence of other exclusions for public officials. 501 U.S. 452, 467, 111 S.Ct. 2395, 2404, 115 L.Ed.2d 410 (1991). The Court declared that the exclusion did not require an appointee to actually make policy, but "exercise discretion concerning issues of public importance," which the judiciary does. *Id.* Intent on maintaining the independent sovereignty of the states, the Court reasoned that unless it was clear to anyone reading the statute that Congress intended judges to be covered by the ADEA, it would not imply that the Act covered them; therefore, the Court allowed the exclusion for policy-making appointees to incorporate judges. *Id.* In our case, there is no issue of encroaching sovereignty, and it is not entirely

the deliberate exclusion of this provision from the amendment of the TCHRA does not represent a legislative intent to include municipal judges in the definition of employee. Because Thompson and Wood are not employees under the TCHRA, we overrule appellants' first point of error.

## III. TEXAS OPEN MEETINGS ACT (TOMA)

In their second point of error, appellants challenge the trial court's summary judgment holding that the Council did not violate TOMA when it made an allegedly final decision regarding their employment in a closed executive meeting. TOMA requires "[a] final action, decision, or vote on a matter deliberated in a closed meeting . . . only be made in an open meeting." Tex. Gov't Code Ann. § 551.102 (West 1994). However, section 551.074 of the same statute allows any governmental body to conduct a closed meeting in order to "deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee" unless "the officer or employee who is the subject of the deliberation or hearing requests a public hearing." Tex. Gov't Code Ann. § 551.074. As the statute allows private deliberations except upon a specific request for a public hearing, failure to request such a hearing operates as a waiver. *Bowen v. Calallen Indep. Sch. Dist.*, 603 S.W.2d 229, 236 (Tex.App.—Corpus Christi 1980, writ ref'd n.r.e.). Because we find no evidence in the record indicating appellants requested the deliberations regarding their reappointment be held in public, we hold Thompson and Wood waived their right to open deliberations.

However, even absent a waiver, we would find no violation of TOMA. The court in *Board of Trustees v. Cox Enters., Inc.,* held that TOMA "does not prohibit members in an executive session from expressing their opinions on an issue or announcing how they expect to vote on the issue in the open meeting, so long as the actual vote or decision is made in the open session." 679 S.W.2d 86,

89 (Tex.App.—Texarkana 1984), *rev'd in part on other grounds,* 706 S.W.2d 956 (Tex.1986); *see Nash v. Civil Serv. Comm'n, Palestine,* 864 S.W.2d 163, 166 (Tex.App.—Tyler 1993, no writ) (relying on rationale in *Cox* to conclude that tentative decision made in executive session did not constitute vote).

Although appellants assert that the Council made its decision in private and then revealed that decision to the public through an open meeting, they present no evidence of anything other than a deliberation behind closed doors. The transcript of the closed session merely evinces a discussion about the feelings of various council members regarding specific judges and whether a member would support reappointment of those judges to the municipal court. The Council members discussed the merits of each candidate, voiced their opinions as to the qualifications of each and made recommendations, but there is no indication that the Council ever voted on the composition of the municipal court during the private meeting. Because deliberations regarding appointments are proper topics for closed meetings and because we find no evidence of an actual vote before the Council conducted an official vote in its open meeting, we overrule appellants' second point of error.

## CONCLUSION

Thompson and Wood are not entitled to the protections of the TCHRA; municipal judges are public officials, not employees. Furthermore, we find that appellants failed to preserve any complaint under TOMA, or in the alternative, did not present any evidence to support a finding that the Council violated TOMA. Finally, we conclude that the Council did not terminate appellants' appointments as municipal judges early. We therefore affirm the trial court's summary judgment in favor of the City in all regards.

clear that even after the changes, the Texas Legislature intended judges to be included as employees or that an ordinary person reading the statute would understand the TCHRA to include judges.