

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 10, 2004

The Honorable Joe F. Grubbs
Ellis County and District Attorney
Temporary Administration Building
1201 North Highway 77, Suite B
Waxahachie, Texas 75165-5140

Opinion No. GA-0199

Re: Whether a municipality's finance director may simultaneously serve as a temporary municipal judge in the same city (RQ-0144-GA)

Dear Mr. Grubbs:

You state that the City of Waxahachie's full-time finance director has been named temporary judge of the Waxahachie Municipal Court.[1] You ask whether, in light of Texas Constitution article XVI, section 40, the common-law doctrine of incompatibility, and the canons of judicial ethics, the city finance director may also serve in this position. *See* Request Letter, *supra* note 1, at 1.

You state that a temporary judge serves when the regular municipal court judge is unavailable or unable to serve, hearing cases in the Waxahachie Municipal Court and serving as magistrate[2] for the City of Waxahachie and for Ellis County. *See id.* The finance director is employed by and reports to the city manager. *See id.* at 2; *see also* WAXAHACHIE, TEX., CITY CHARTER art. III, § 3.04(1).[3] As finance director, he is responsible for working on the city budget and for projecting revenue flow to the city. *See* Request Letter, *supra* note 1, at 2. He receives a salary as finance director but does not receive extra compensation for serving as temporary municipal judge. *See id.*

Government Code section 29.002 creates a municipal court in each municipality. *See* TEX. GOV'T CODE ANN. § 29.002 (Vernon 2004); *see also id.* § 29.003 (jurisdiction of municipal court). In a home-rule city like Waxahachie, *see* WAXAHACHIE, TEX., CITY CHARTER art. I, § 1.02, the municipality may provide by charter or ordinance for appointing one or more temporary judges to serve if the regular municipal judge is unable to act. *See* TEX. GOV'T CODE ANN. § 29.007(g) (Vernon 2004).

---

[1]*See* Letter from Honorable Joe F. Grubbs, Ellis County and District Attorney, to Honorable Greg Abbott, Texas Attorney General (Dec. 8, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]The request letter states that the municipal judge "handles arraignments," Request Letter, *supra* note 1, at 1, a term sometimes used to indicate that the judge serves as a magistrate. *See Watson v. State*, 762 S.W.2d 591, 594 n.4 (Tex. Crim. App. 1988) (stating that an appearance before a magistrate under article 15.17, Code of Criminal Procedure, "is not arraignment in Texas"). We read the request letter as referring to a municipal judge's service as a magistrate.

[3]Online Code of Ordinances *available at* http://www.waxahachie.com.

We note that the Uniform Municipal Courts of Record Act (the "Act"), Government Code chapter 30, provides that "[a] person may not serve as a municipal judge if the person is employed by the same municipality." *Id.* § 30.00006(g). This provision applies to each municipality listed in Government Code chapter 30, *see id.* § 30.00001(b), but Waxahachie is not among the cities listed in that chapter. *See id.* §§ 30.00041-.01882 (subchapters B through XX). While the Act authorizes a city to create a municipal court of record by ordinance, *see id.* § 30.00003, Waxahachie has not done so. The Waxahachie Charter provides for "the corporation court[4] of the City of Waxahachie, Texas," WAXAHACHIE, TEX., CITY CHARTER art. II, § 2.09, but we find no ordinance creating a municipal court of record under chapter 30. Thus, because the Waxahachie municipal court was not created under chapter 30, the section 30.00006(g) prohibition against a city employee serving as a municipal judge does not apply to a Waxahachie municipal judge.

We turn to your question about Texas Constitution article XVI, section 40. This section provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40. As the Texas Supreme Court observed in *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955), "the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine*, 280 S.W.2d at 583. Because the Waxahachie finance director is appointed by and accountable to the city manager, he is a city employee. A municipal judge is an officer. *See French v. State*, 572 S.W.2d 934, 938-39 (Tex. Crim. App. 1978); *Thompson v. City of Austin*, 979 S.W.2d 676, 682 (Tex. App.–Austin 1998, no pet.). However, in this case, the temporary municipal judge receives no compensation and thus does not hold a civil office of emolument. Article XVI, section 40 does not prohibit the city finance director from serving as temporary municipal judge.

We next address the common-law doctrine of incompatibility, which has three aspects: self-appointment; self-employment; and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0127 (2003) at 2. All officers authorized to appoint someone to another office are disqualified from the office over which they hold the appointive power. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Self-appointment does not apply in this case because the city manager appoints the finance director, and the city council appoints municipal judges. *See* WAXAHACHIE, TEX., CITY CHARTER art. I, § 2.09(b), art. III, § 3.04.

Self-employment incompatibility, which derives from the self-appointment aspect of incompatibility, prevents one person from holding an office and an employment that the office supervises. *See* Tex. Att'y Gen. LA-114 (1975) at 8 (concluding on the basis of *Ehlinger* that a teacher in a school district may not serve as trustee for the same district). *See also* Tex. Att'y Gen. Op. No. JC-0371 (2001) at 2-5; Tex. Att'y Gen. LO-97-034, at 2. Self-employment incompatibility does not apply in this case because neither position has authority to supervise the other.

---

[4]Government Code section 29.002 defines "corporation court" as "municipal court." *See* TEX. GOV'T CODE ANN. § 29.002 (Vernon 2004).

Finally, one person may not hold two offices if their loyalties and duties are in conflict. *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (offices of school trustee and city alderman were incompatible because the city council had supervisory powers over school property within the city limits). The "conflicting loyalties" aspect of incompatibility applies only where both positions are offices. *See* Tex. Att'y Gen. Op. Nos. GA-0127 (2003) at 3, JC-0054 (1999) at 2. It does not apply to the office and employment at issue here.

You also ask us to determine whether the canons of judicial conduct prevent the city finance director from serving as a temporary municipal judge. *See* TEX. CODE JUD. CONDUCT, Canons 1-8, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G. app. B (Vernon 1998 & Supp. 2004) (adopted by the Texas Supreme Court). A municipal court judge is required to comply with the Code of Judicial Conduct with certain exceptions. *See id.* Canon 6C(1). A municipal court judge "shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." *Id.* Canon 2A. In addition, the judge's judicial duties "take precedence over all the judge's other activities," and a judge shall conduct all "extra-judicial activities so that they do not . . . cast reasonable doubt on the judge's capacity to act impartially as a judge." *Id.* Canons 3A, 4A.

You state that the finance director works on the city budget and projects revenue flow to the city. *See* Request Letter, *supra* note 1, at 2. A temporary municipal judge sets the fine amount on a guilty plea or finding of guilt, subject to the limits in Texas Government Code section 29.003. *See* TEX. GOV'T CODE ANN. § 29.003 (Vernon 2004); TEX. CODE CRIM. PROC. ANN. art. 4.14 (Vernon Supp. 2004) (jurisdiction of municipal court). While there has been "no indication whatsoever that the Temporary Judge has allowed his capacity as Finance Director to influence him in setting fine amounts, . . . the theoretical possibility of a conflict does exist." Request Letter, *supra* note 1, at 2. You are particularly concerned about the requirement that a judge avoid the appearance of impropriety, but you suggest that allowing the temporary judge to serve as a magistrate but not preside over cases would eliminate that concern. However, a municipal judge's powers are conferred by statute and may not be withdrawn by the city council. *See Thompson v. City of Austin*, 979 S.W.2d at 681. A temporary judge has the same powers and duties as the judge he replaces. *See* TEX. GOV'T CODE ANN. §§ 29.003, .007(g) (Vernon 2004). The city council may not limit the temporary municipal judge's statutory powers.

The State Commission on Judicial Conduct ("the Commission") is responsible, in the first instance, for applying the judicial canons to specific conduct by a judge. The Commission, established by Texas Constitution article V, section 1-a, is responsible for investigating allegations of judicial misconduct and for disciplining judges, including municipal judges. *See* TEX. CONST. art. V, § 1-a(2), (6), (8). *See also* TEX. GOV'T CODE ANN. §§ 33.001-.051 (Vernon 2004) (chapter 33, Commission's statutory authority). Any judge may be removed from office for willful violation of the Code of Judicial Conduct or willful or persistent conduct that is "clearly inconsistent with the proper performance of his duties or casts public discredit upon the judiciary or administration of justice." TEX. CONST. art V § 1-a(6)A. The Commission may receive complaints and investigate complaints against judges and "[a]fter such investigation as it deems necessary," may "issue a private

or public admonition, warning, reprimand, or requirement that the person obtain additional training or education." *Id.* § 1-a(8); *see also* TEX. GOV'T CODE ANN. § 33.022 (Vernon 2004) (investigation procedures). The Commission "shall develop and distribute" materials describing "the types of conduct that constitute judicial misconduct." *Id.* § 33.007(a)-(b); *see also id.* § 33.008 (Commission shall provide information relating to judicial misconduct to entities that provide education to judges).

The Commission has determined that an individual improperly held dual employment as a justice of the peace and a law enforcement officer in neighboring counties. *See* State Comm'n on Judicial Conduct, *Summaries of Public Sanctions* (Public Reprimand Apr. 24, 2001).[5] "Such positions created an appearance of impropriety, bias, prejudice, and partiality in the handling of criminal cases. Furthermore, it would appear to the public that the Judge's fellow law enforcement officers are in a special position to influence the Judge in his decisions." *Id.* The justice of the peace was publicly reprimanded for violating and canons 2A, 4A(1), and 4D(1) of the Texas Code of Judicial Conduct. *See id.* These canons require a judge to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary," TEX. CODE JUD. CONDUCT, Canon 2A; to conduct all "extra-judicial activities so that they do not . . . cast reasonable doubt on the judge's capacity to act impartially as a judge," *id.* Canon 4A(1), and to "refrain from financial and business dealings that tend to reflect adversely on the judge's impartiality," *id.* Canon 4D(1).

The Commission has also issued a public statement condemning the practice of judges serving as active law enforcement officers. *See* State Comm'n on Judicial Conduct, *Public Statement No. PS-2000-1;*[6] *see also* TEX. CONST. art. V, § 1-a(10) (authorizing the Commission to issue a public statement during proceedings against a judge when the Commission determines that the best interests of the public will be served and other circumstances). The Commission stated that "by attempting to fulfill the requirements of both offices, a judge severely compromises the impartiality and independence of the judicial office." State Comm'n on Judicial Conduct, *Public Statement No. PS-2000-1.* The guiding factor in the Commission's analysis was "the public's trust in the ability of a judge to remain impartial and fair while conducting judicial business." *Id.*

The temporary municipal judge's service as city finance director raises some of the issues that the Commission addressed in connection with a judge's service as an active law enforcement officer. His involvement with the city budget and projected revenue flow might undermine the public's trust in his ability to remain impartial and fair while conducting judicial business. *See also* TEX. CODE JUD. CONDUCT, Canons 2A, 4A(1), 4D(1).

However, this office cannot in the opinion process investigate and resolve the fact questions that may be necessary to determine whether the temporary municipal judge has violated any of these canons of judicial ethics. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1.[7] The Commission on

---

[5]*Available at* http://www.scjc.state.tx.us/sumpub.php (under "Disciplinary Actions" heading).

[6]*Available at* http://www.scjc.state.tx.us (under "Public Information" heading).

[7]*See also* Tex. Att'y Gen. Op. Nos. GA-0100 (2003) at 4, JC-0328 (2001) at 4, M-187 (1968) at 3, O-2911 (1940) at 2.

Judicial Conduct is authorized to investigative allegations of misconduct by judges. The Texas Constitution moreover requires the Commission to "keep itself informed as fully as may be of circumstances relating to the misconduct . . . of particular persons holding [judicial office], receive complaints or reports, formal or informal, from any source in this behalf and make such preliminary investigations as it may determine." TEX. CONST. art. V, § 1-a(7). *See also* TEX. GOV'T CODE ANN. § 33.022 (Vernon 2004) (setting out Commission's authority to investigate the circumstances surrounding an appearance of misconduct and to take formal action on such matters). Whether a judge's conduct in specific circumstances offends the Code of Judicial Conduct is ultimately a matter for the State Commission on Judicial Conduct.

## S U M M A R Y

Neither Texas Constitution article XVI, section 40 nor the common-law doctrine of incompatibility prohibits a city finance director from serving as a temporary municipal judge in the same city. The Commission on Judicial Conduct is authorized to investigate issues arising under the Code of Judicial Conduct in connection with this dual service.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee