

NUMBER 13-10-00484-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DIANA ARRIAGA,**                                 **Appellant,**

**v.**

**CAMERON COUNTY, TEXAS, CAMERON
COUNTY AUDITOR, AND MARTHA GALARZA,
IN HER OFFICIAL CAPACITY,**                         **Appellees.**

---

### On appeal from the 138th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Vela

This is an appeal from a plea to the jurisdiction and dismissal granted in favor of

appellees, Cameron County Auditor, Martha Galarza in her official capacity and Cameron

County ("Cameron County") and against appellant, Diana Arriaga ("Arriaga"). Arriaga

argues on appeal that the trial court had jurisdiction to hear her discrimination complaint

because she met the statutory definition of employee pursuant to section 21.002(7) of the Texas Labor Code and immunity was waived because Cameron County and its auditor were employers pursuant to section 21.002(8) of the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 21.002 (West Supp. 2011). We reverse and remand for further proceedings.

## I. BACKGROUND

In June of 2004, Arriaga applied for a job with the Cameron County Human Resources Department and was hired to work for the Cameron County Auditor. In February of 2008, Arriaga and several of her female coworkers filed a sexual harassment complaint against Robert Almon, the Cameron County Auditor at the time. Mr. Almon resigned in April of 2008 and Martha Galarza was appointed in his place. In June of 2008, Arriaga's employment was terminated due to alleged misconduct. Arriaga subsequently filed suit against Cameron County, the Cameron County Board of Judges, the Cameron County Auditor, Martha Galarza, individually, and Robert Almon, individually. On May 17, 2009, the trial court granted the pleas to the jurisdiction of Cameron County and the Cameron County Auditor and dismissed the case for want of jurisdiction. On June 29, 2009, the trial court granted the motion to dismiss individual defendants Galarza and Almon.

## II. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction and defeats a cause of action without regard to the merits of a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court had subject matter

2

jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002). The trial court's subject matter jurisdiction must be affirmatively established by the facts as alleged by the plaintiff. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties that is necessary to resolve the jurisdictional issues. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *Bland*, 34 S.W.3d at 555.

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228; *see also* TEX. R. CIV. P. 166a(c). A governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Id.* When the facts underlying the merits and subject matter are intertwined, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *See Huckabee v. Time Warner Entm't Co. L.P., 19 S.W.3d 413, 420 (Tex. 2000); Phan Son Van v. Pena, 990 S.W.2d 751, 753 (Tex. 1999).* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Miranda,* 133 S.W.3d at 228. But if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

# III. ANALYSIS

Cameron County argues that Arriaga was in an appointed position of Assistant Auditor or became a de facto Assistant Auditor. As a public officer, Cameron County argues that Arriaga cannot be an "employee" for purposes of liability under the Texas Commission on Human Rights Act ("TCHRA"). For purposes of standing, the TCHRA defines an employee as:

> An individual employed by an employer, including an individual subject to the civil service laws of this state or a political subdivision of this state, except that the term does not include an individual elected to public office in this state or a political subdivision of this state.
> TEX. LAB. CODE ANN. § 21.002(7).

The TCHRA defines an employer as:

> (A) a person who is engaged in industry affecting commerce and who has 15 or more employees . . .
>
> (C) an individual elected to public office in this state or a political subdivision of this state; or
>
> (D) a county, . . . regardless of the number of individuals employed.

*Id.* § 21.002(8).

The County cites to section 84.012 of the Texas Local Government Code, which sets forth the appointment process for hiring assistants for county auditors. *See.* TEX. LOC. GOV'T CODE ANN. § 84.021 (West 2008). This section provides:

> (a) From time to time the county auditor may certify to the district judges a list stating the number of assistants to be appointed, the name, duties, qualifications, and experience of each appointee, and the salary to be paid each appointee. The district judges, after careful consideration of the application for the appointment of the assistants and after inquiry concerning the appointees' qualifications, the positions sought to be filled, and the reasonableness of the requested salaries, shall prepare a list of the

4

appointees that the judges approve and the salary to be paid each. The judges shall certify this list to the commissioners court, which shall order the salaries to be paid on the performance of services and shall appropriate an adequate amount of money for this purpose.

(b) If an emergency exists, the county auditor shall recommend the appointment of temporary assistants, and after a hearing held in accordance with section 152.905, the district judges shall determine the number, salaries, and duration of employment of the assistants.

(c) An assistant must take the usual oath of office for faithful performance of duty. The county auditor may require an assistant to give a bond and may determine the terms of the bond. The bond must run in favor of the county and the county auditor as their interests indicate. The county shall pay for the bond.

*Id.*

Thus, the County concludes that Arriaga is a public officer, much like the county auditor in *Guerrero v. Refugio County*, 946 S.W.2d 558 (Tex. App.—Corpus Christi 1997, disapproved by *NME Hospitals, Inc. v. Rennels*, 994 S.W.2d 142, 146–7 (Tex. 1999) and *Thompson v. City of Austin*, 979 S.W.2d 676 , 682 (Tex App.—Austin 1998, no writ). If portions of *Guerrero* remain viable after the supreme court's opinion, we nevertheless, find it distinguishable. First, in *Guerrero*, it was undisputed that the party who was the subject of the appeal was, in fact, the Refugio County Auditor, who had taken an oath and posted a bond. *See id.* at 562–70. In this case, Arriaga submitted evidence in response to the plea to the jurisdiction, that she did not take an oath or post a bond. Second, the *Guerrero* opinion was based partially upon this Court's decision that there was insufficient evidence that Refugio County maintained sufficient control over the auditor to determine whether a direct employment relationship existed that would support liability. The Texas Supreme Court ultimately ruled, however, in *Rennels*, that a direct employment

5

relationship is not necessary for liability under the TCHRA.  *Rennels*, 994 S.W.2d at 146.

*Thompson* is also distinguishable.  In *Thompson*, the court was presented with the issue of whether two municipal judges were employees of the city of Austin for purposes of liability under the TCHRA.  *Id.* at 678.  The *Thompson* court concluded that the municipal judges were not employees, but were public officers.  *Id.* at 681.

Arriaga counters the County's arguments, through sworn affidavit in response to the plea to the jurisdiction, that she was hired by Cameron County to be a clerk in the Cameron County Auditor's office.  She averred that she never took an oath of office, and was never voted on or appointed by a board of judges.  She stated that the auditor's office had more than fifteen employees.  She said prior to hire she completed an employment application with the Cameron County Human Resources Department and the "W-2" forms identified her as an employee of Cameron County.  She also said she was bound by the County's personnel manual.

While the County's motion to dismiss states that Arriaga was employed as an assistant auditor, Arriaga's responsive evidence creates fact questions with respect to both Cameron County's status as employer and Arriaga's status as employee.  Thus, we sustain Arriaga's first issue and reverse and remand the case to the trial court.

## V.  CONCLUSION

The plea to the jurisdiction is reversed and the cause is reversed and remanded.


ROSE VELA
Justice

Delivered and filed the
29th day of August, 2012.

6