In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-408 CV


____________________



CITY OF ROMAN FOREST, Appellant



V.



GARY MICHAEL STOCKMAN, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 03-04-02609-CV






OPINION


 This is an interlocutory appeal from the trial court's denial of a plea to the jurisdiction.
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (a)(8) (Vernon Supp. 2004). Gary
Michael Stockman sued the City of Roman Forest for wrongful termination under the
Whistleblower Act, for breach of contract, and for intentional infliction of emotional distress. 
The City says the trial court lacks jurisdiction because the City is immune from suit. 

 The case arises out of Stockman's work for the City while he was a municipal court
judge. A municipal court judge's term of office is two years. See Tex. Gov't Code Ann.
§ 29.005 (Vernon 2004). Stockman was appointed municipal judge of Roman Forest and
served in that capacity from 2001 until 2003. (1) Stockman claims the mayor requested that
Stockman dismiss certain traffic tickets; Stockman refused to do so and reported the incidents
to the chief of police. As a result of his refusal to dismiss the tickets, Stockman claims his
pay was docked. He also alleges he conducted an audit of the court system at the prior
mayor's request and found irregularities, but when he pursued the corruption investigation
he was threatened by a council member and told to stop. Stockman claims the City
terminated him as a result of his reports of illegal activity. The City says his term ended, and
he was not reappointed. 

 Stockman sued the City and the individuals involved. (2) A governmental unit is
immune from suit unless the immunity is waived. See Dallas Area Rapid Transit v. Whitley,
104 S.W.3d 540, 542 (Tex. 2003). Governmental immunity from suit defeats a trial court's
subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. Texas Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004). Immunity from suit
may be waived by statute. See generally Travis County v. Pelzel & Assocs., 77 S.W.3d 246,
249 (Tex. 2002). 

 The law of governmental immunity has traditionally distinguished between a
municipality's governmental and proprietary functions. See City of Galveston v. Posnainsky,
62 Tex. 118 (1884); Gates v. City of Dallas, 704 S.W.2d 737, 738-39 (Tex. 1986). 
Generally, unless the immunity is waived, a municipality is immune from suit for the
exercise of a governmental function. See City of Mission v. Cantu, 89 S.W.3d 795, 801 (Tex.
App.--Corpus Christi 2002, no pet.) (tort); Herschbach v. City of Corpus Christi, 883 S.W.2d
720, 730 (Tex. App.--Corpus Christi 1994, writ denied) (tort); International Bank of
Commerce v. Union Nat'l Bank, 653 S.W.2d 539, 545-46 (Tex. App.--San Antonio 1983,
writ ref'd n.r.e.) (contract). 

 This suit arises out of the City's performance of a governmental function. Stockman
asserts three types of claims -- a tort claim, a contract claim, and a Whistleblower claim. He
cites three statutory waivers of governmental immunity. In the Tort Claims Act, the
Legislature has provided a limited waiver of immunity from suit for certain tort actions. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.0215 (Vernon 1997 & Supp. 2004). 
The Whistleblower Act also contains a partial waiver of immunity from suit to the extent
claims are allowed under that Act. And the Local Government Code provides general law
municipalities may "sue and be sued"-- language that some courts have found to be a waiver
of immunity from suit. See Tex. Loc. Gov't Code Ann. §§ 51.013, 51.033, 51.051 (Vernon
1999). 

 In issue one, the City contends the trial court erred in denying its plea to the
jurisdiction on Stockman's Whistleblower Act claim. Under the Act, a "state or local
governmental entity may not suspend or terminate the employment of, or take other adverse
personnel action against, a public employee who in good faith reports a violation of law by
the employing governmental entity or another public employee to an appropriate law
enforcement authority." Tex. Gov't Code Ann. § 554.002(a) (Vernon Supp. 2004). The
statute defines "public employee" as "an employee or appointed officer other than an
independent contractor who is paid to perform services for a state or local governmental
entity." Tex. Gov't Code Ann. § 554.001(4 ) (Vernon Supp. 2004). Immunity is waived
to the extent of liability allowed by the Whistleblower Act. See Tex. Gov't Code Ann. §
554.0035 (Vernon Supp. 2004). Therefore, unless the party asserting the claim under the
Whistleblower Act is a public employee within the meaning of the Act, immunity from suit
is not waived by the Act. 

 Stockman argues he falls under the "appointed officer other than an independent
contractor" part of the "public employee" definition. He was appointed; and because
members of the City's governing body attempted to control the details of his work as
municipal judge, Stockman says he was not an independent contractor. 

 The common law test for determining whether someone is an employee rather than
an independent contractor is whether the alleged employer has the right to control the
progress, details, and methods of operation of the work. Limestone Prods. Distrib., Inc. v.
McNamara, 71 S.W.3d 308, 312 (Tex. 2002). Stockman relies on the City's control of the
hours he worked and the provision of his supplies, his office, and support personnel to
establish he was not an independent contractor. But that arrangement does not show any
right to control the details of his work as a municipal judge, nor does any individual's alleged
effort to control him demonstrate the City's right to control his judicial work. The evidence
before the trial court does not indicate he was an employee rather than an independent
contractor. See generally Miranda, 133 S.W.3d at 228 (If the evidence is undisputed or does
not create a fact question regarding the jurisdictional issue, then the trial court rules on the
plea to the jurisdiction as a matter of law.). Stockman argues that the City's right to
terminate him or not reappoint him makes him dependent. (3) But the Act's definition of
"public employee" excludes appointed officials who are independent contractors. See Tex.
Gov't Code Ann. § 554.001(3) (Vernon Supp. 2004). The general power to appoint or not
reappoint Stockman does not in itself show control of the details of the judge's work
sufficient to make him a "public employee" within the meaning of the Act. 

 The Texas Constitution provides, as follows, for a separation of powers among the
three branches of state government:

 The powers of the Government of the State of Texas shall be divided into three
distinct departments, each of which shall be confided to a separate body of
magistracy, to wit: Those which are Legislative to one; those which are
Executive to another, and those which are Judicial to another; and no person,
or collection of persons, being of one of these departments, shall exercise any
power properly attached to either of the others, except in the instances herein
expressly permitted. 


Tex. Const. art. II, § 1. The Texas Constitution also provides that the "judicial power of this
State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in District
Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and
in such other courts as may be provided by law." Tex. Const. art. V, § 1. The municipal
court derives its power and jurisdiction from the Texas Government Code; pursuant to
constitutional authority, the Legislature has created a municipal court in each municipality
and defined the court's jurisdiction. See Tex. Gov't Code Ann. §§ 29.002, 29.003 (Vernon
2004). A municipal court judge is part of the judicial branch of government. See generally
Thompson v. City of Austin, 979 S.W.2d 676, 680-83 (Tex. App.--Austin 1998, no pet.). 

 In Thompson, the court noted that a municipal judge was entrusted with independent
and sovereign powers, and his office had all the indicia of a public office, including judicial
oath, membership in the judiciary, authority to pronounce judgment and to adjudicate parties'
rights, and a fixed term subject to removal. Thompson, 979 S.W.2d at 682-83. In view of
these facts, the court held a municipal judge was not an "employee" within the meaning of
that term in the Texas Commission on Human Rights Act. As the Thompson court stated,
"Historically, the judiciary has been privileged with a sacred independence necessary to
maintain the impartiality required to determine the law. A judge must be independent from
the outside influence of the other branches of government. Thus, the very nature of the office
demands that a municipal judge be independent of the Council in exercising this sovereign
power." Id. at 682. 

 We hold a municipal judge is not within the definition of "public employee" in the
Whistleblower Act. Issue one is sustained.

 In issue two, the City argues that Stockman's breach of contract claim is barred by the
doctrine of governmental immunity. (4) Stockman alleged in his pleadings that the City
breached its agreement to pay him wages for services he had rendered to the City in an audit
of the City's warrant and complaint system. This assignment was separate from his work as
a municipal judge. In its plea to the jurisdiction, the City denied the existence of a contract,
and, alternatively, that any contract would be unenforceable under the Statute of Frauds. The
City does not make this argument on appeal, and we do not consider it. Instead, the City
argues on appeal that governmental immunity bars the contract claim. (5)

 Governmental immunity inures to the benefit of a municipality when it engages in the
exercise of governmental functions. City of Tyler v. Likes, 962 S.W.2d 489, 501 (Tex. 1997);
City of Mexia v. Tooke, 115 S.W.3d 618, 624 (Tex. App.--Waco 2003, pet. granted)
(applying the "governmental-proprietary dichotomy" to contract claims). A municipality's
exercise of proprietary functions, however, does not fall under the protection of
governmental immunity. Herschbach, 883 S.W.2d at 730. Stockman contends the City's
immunity from suit is waived because the City was exercising a proprietary function. We
reject this argument. The auditing of City records, as it relates to a determination of the
validity of warrants issued by the City police, is inherently integral to the City's functioning
as an arm of the State and is therefore a governmental function. See generally Tooke, 115
S.W.3d at 620-21; 624-25.

 Stockman further argues that, even if a governmental function is involved, the Local
Government Code gives him permission to sue the City on the contract through the "sue and
be sued" language applicable to general law municipalities. See Tex. Loc. Gov't Code
Ann. §§ 51.013, 51.033, 51.075 (Vernon 1999). A governmental entity does not waive
immunity from suit simply by contracting with a private party. Pelzel, 77 S.W.3d at 248; see
also Federal Sign v. Texas Southern Univ., 951 S.W.2d 401, 408 (Tex. 1997). Express
consent is required to show that immunity from suit has been waived. Id. Thus, in the
instant case, Stockman must establish consent to sue the City. Absent consent, the trial court
lacks jurisdiction. Id. 

 A party may establish consent by statute or legislative resolution. Pelzel, 77 S.W.3d
at 248. The consent must be expressed by "clear and unambiguous language." Tex. Gov't
Code Ann. § 311.034 (Vernon Supp. 2004); Pelzel, 77 S.W.3d at 248; City of LaPorte v.
Barfield, 898 S.W.2d 288, 291 (Tex. 1995). Accordingly, we must determine whether the
Legislature has by clear and unambiguous language in the Local Government Code's "sue
and be sued" provisions waived immunity to suits against municipalities. See Barfield, 898
S.W.2d at 291 (stating that clear-and-unambiguous requirement for waiving immunity
applies to governmental entities other than the state). Waiver will be found only if the statute
in question would be meaningless unless immunity were waived. See Kerrville State Hosp.
v. Fernandez, 28 S.W.3d 1, 8 (Tex. 2000) (holding an anti-retaliation statute meaningless
absent waiver of sovereign immunity).

 In the instant case, to construe the "sue and be sued" provisions in the Local
Government Code as Stockman does overlooks the fact that this language has meaning other
than in the context of permitting private party lawsuits that seek to impose liability and
recover money damages against a governmental entity. Governmental entities may "be sued"
by private parties seeking declaratory relief when alleging a governmental entity or official
has acted without legal authority or statutory authority as such suits are not suits against the
state. See e.g., Texas Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994); W.D.
Haden Co. v. Dodgen, 308 S.W.2d 838, 840 (Tex. 1958) (citing the rule announced in Cobb
v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 712 (1945)). As for the "sue" portion of "sue
and be sued," it is merely recognition of the rule that when a governmental entity files suit
for damages, or intervenes in an action in which the governmental entity could have brought
the same action, it waives immunity from suit for any claim that is incident to, connected
with, arises out of, or is germane to the suit or controversy brought by the government entity. 
See Reata Const. Corp. v. City of Dallas, 47 Tex. Sup. Ct. J. 408, 2004 WL 726906, at *3
(Apr. 2, 2004). 

 Finding waiver of governmental immunity in the "sue and be sued" language, the
dissent relies on the continued viability of Missouri Pacific Railroad Co. v. Brownsville
Navigation District, 453 S.W.2d 812, 813 (Tex. 1970). Missouri Pacific held that the "sue
and be sued" language in a 1925 statute (now section 62.078 of the Texas Water Code)
creating a navigation district waived the district's immunity from suit and authorized the
railroad's suit against the district. Missouri Pacific, 453 S.W.2d at 813. While it is true that
Missouri Pacific has not been expressly overruled or expressly limited by subsequent
Supreme Court decisions, more recent decisions by the Supreme Court, (6) as well as the
Legislature's enactment of § 311.034 of the Government Code, appear to indicate waiver of
governmental immunity should no longer be so easily found.

 For example, in Wichita Falls State Hospital v. Taylor, 106 S.W.3d 692, 697-98 (Tex.
2003), the Court set out four factors for determining whether there is a clear and
unambiguous waiver of immunity from suit: (1) waiver of immunity must be beyond doubt;
(2) if there is ambiguity, it must be resolved in favor of retaining immunity; (3) if the
Legislature requires that the State be joined in a lawsuit for which immunity would otherwise
attach, immunity is waived; and (4) if a monetary cap or scheme is provided in the statute,
the Legislature probably intended to waive immunity. Because the Local Government Code
provisions in question do not require the joining of the governmental entity in any lawsuit
(the provisions use the permissive term "may") factor 3 does not apply. See Tex. Loc.
Gov't Code Ann. §§ 51.013, 51.033, 51.075 (Vernon 1999). Factor four is also not
implicated in the named sections. Analyzing these sections under factors one and two leads
us to conclude that waiver of governmental immunity was not intended as none of the
provisions waive immunity "beyond doubt," and the ambiguity present when examining the
three provisions together require resolution in favor of retaining immunity. 

 Finally, we note that there currently exists a split in authority among the courts of
appeals as to whether similar "sue and be sued" language waives governmental immunity
from suit; with the Dallas and Corpus Christi Courts of Appeals holding such language does
not waive governmental immunity from suit while several sister Courts hold to the contrary. (7) 
As the Supreme Court's "frustration" continues unabated in its attempt to clearly distinguish
between "use" and "non-use" of tangible property so as to determine whether sovereign
immunity has been waived under the Tort Claims Act, see Texas Dep't of Criminal Justice
v. Miller, 51 S.W.3d 583, 588-89 (Tex. 2001), the Courts of Appeals of this State continue
to struggle with proper application of "sue and be sued," awaiting clear and definitive
guidance from the Supreme Court as to the current precedential value of Missouri Pacific. 
 In light of the recent emphasis by the Texas Supreme Court and the Texas Legislature
on the necessity of "clear and unambiguous" waiver, we find the "sue and be sued" language
in the Local Government Code provisions does not contain clear waiver of immunity
language that is present in certain provisions of the Texas Tort Claims Act and of the
Whistleblower Act. Applying the firmly-held and consistent principles set out by the Texas
Supreme Court and the Texas Legislature since Missouri Pacific, we hold that the "sue and
be sued" language in sections 51.013, 51.033, 51.075 of the Texas Local Government Code,
does not provide a clear and unambiguous waiver of the City's immunity from suit. 

 Stockman lastly contends that by accepting and implementing his audit
recommendations, and thereby ratifying the "contract," the City waived immunity from suit
as it accepted the benefits of the contract. The Supreme Court has rejected that position. 
Immunity from suit is not waived merely by accepting some of the benefits of a contract. See
Texas A & M Univ. - Kingsville v. Lawson, 87 S.W.3d 518, 520-21 (Tex. 2002); IT-Davy, 74
S.W.3d at 857. The exception to that rule, not present here, is that a governmental entity
cannot agree to settle a lawsuit from which it is not immune and then later claim immunity
from suit for breach of the settlement agreement. Lawson, 87 S.W.3d at 521-23. Issue two
is sustained. 

 In issue three, the City argues governmental immunity bars Stockman's intentional
infliction of emotional distress claim. The intentional infliction cause of action arises out of
allegations involving governmental functions. The Tort Claims Act waives immunity from
suit to the extent liability is "created" by the Act. Tex. Civ. Prac. & Rem. Code Ann. §
101.025 (Vernon 1997). Section 101.057(2) states that the Act does not apply to a claim
arising out of an intentional tort. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057
(Vernon 1997); Tarrant County Hospital Dist. v. Henry, 52 S.W.3d 434, 440 (Tex. App.--Fort Worth 2001, no pet.); Nueces County v. Ferguson, 97 S.W.3d 205, 223 (Tex. App.--Corpus Christi 2002, no pet.). The "sue and be sued" provision in the Local Government
Code does not waive immunity to suit for tort claims. The trial court does not have
jurisdiction to consider the alleged intentional tort claim against the City. Issue three is
sustained. 

 Finally, Stockman argues three council members may be sued because their actions
were not lawfully authorized by the City. An official may be sued in an individual capacity
for wrongful, unofficial conduct, but that matter is not before us in this interlocutory appeal. 
See Bagg v. University of Texas Med. Branch at Galveston, 726 S.W.2d 582, 586 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). 

 We have sustained each of the City's appellate issues. This essentially means that the
trial court lacked subject matter jurisdiction over the entirety of Stockman's lawsuit against
the City as immunity from suit was not waived under any theory. Therefore, we reverse the
trial court's order denying the City's plea to the jurisdiction, and we dismiss Stockman's
claims against the City for want of jurisdiction. See Tex. R. App. P. 43.2(c).

 REVERSED AND DISMISSED. 




 _______________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on March 25, 2004

Opinion Delivered July 29, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.



DISSENTING AND CONCURRING OPINION


 In issue two, appellee argues the Local Government Code gives him permission to
sue the City on a contract through the "sue and be sued" language applicable to general
law municipalities. See generally Tex. Loc. Gov't Code Ann. §§ 51.013, 51.033
(Vernon 1999). In 1970, the Supreme Court held "sue and be sued" language in a 1925
statute creating a navigation district waived the District's immunity from suit. See
Missouri Pac. R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812, 813-14 (Tex.
1970). The statute provided that "[a]ll navigation districts established under this Act may,
by and through the navigation and canal commissioners, sue and be sued in all courts of
this State in the name of such navigation district. . . ." (8) The Supreme Court found the
statute was "quite plain and gives general consent for District to be sued in the courts of
Texas in the same manner as other defendants." Missouri Pacific, 453 S.W.2d at 813. 
 The Supreme Court has continued to reference the operation of "sue and be sued"
language as waiving sovereign immunity. See generally Texas A & M Univ.-Kingsville v.
Lawson, 87 S.W.3d 518, 520-21 n.21 (Tex. 2002); see also Travis Co. v. Pelzel &
Assocs., Inc., 77 S.W.3d 246, 249-50 (Tex. 2002) ("sue and be sued" language in earlier
statute "arguably show[ed] intent to waive sovereign immunity . . . .") (citing Missouri
Pacific with the parenthetical explanation that Missouri Pacific held a "statute containing
'sue and be sued' language provided consent to suit."); Federal Sign v. Texas Southern
Univ., 951 S.W.2d 401, 408 (Tex. 1997) (citing Missouri Pacific as an example of the
Court's recognition of consent to suit in a statute providing the navigation district could
"sue and be sued"). Although not citing Missouri Pacific, and not finding waiver in the
statute at issue, the Court in Wichita Falls State Hospital stated, "[W]e have little difficulty
recognizing the Legislature's intent to waive immunity from suit when a statute provides
that a state entity may be sued or that 'sovereign immunity to suit is waived.'" Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696-97 (Tex. 2003). 

 The Supreme Court's holding in Missouri Pacific remains controlling authority. We
must apply the holding to the specific statute at issue. As I read the "sue and be sued"
language in the applicable provisions of the Local Government Code, a general law
municipality is subject to suit on a contract. See Tex. Loc. Gov't Code Ann. §§ 51.013,
51.033 (Vernon 1999). In section 51.014, the Local Government Code grants the City the
authority to contract, and I view any waiver of immunity to suit intended by the "sue and
be sued" language as related to the City's ability to enter into enforceable contracts. See
Tex. Loc. Gov't Code Ann. § 51.014 (Vernon 1999). 

 Of course, Missouri Pacific did not expressly limit itself to contract claims. Nor
does the Local Government Code's "sue and be sued" provision distinguish between a suit
grounded in contract and one grounded in tort or statute. See Tex. Loc. Gov't Code
Ann. §§ 51.013, 51.033 (Vernon 1999). Because the statute does not make that
distinction, following Missouri Pacific arguably would lead to a waiver of immunity to suit
here on the tort claim and the Whistleblower claim, as well as the contract claim. But a
municipality's immunity on tort claims relating to governmental functions has existed
alongside the statutory "sue and be sued" language. (9) In 1987, the Legislature added
section 101.0215 to the Tort Claims Act, defined many functions of a municipality as
governmental, and waived the municipality's immunity from suit and liability to the limited
extent allowed under the Act. (10) See Tex. Civ. Prac. & Rem. Code Ann. §
101.021(Vernon 1997), § 101.0215 (Vernon Supp. 2004); see also Tex. Civ. Prac. &
Rem. Code Ann. 101.025(a) (Vernon 1997) ("Sovereign immunity to suit is waived and
abolished to the extent of liability created by this chapter."). Therefore, when a party sues
a municipality for tort claims involving governmental functions, a court does not have
jurisdiction unless those claims fit within the terms of the Tort Claims Act. 

 Just as we must follow the Supreme Court precedent of Missouri Pacific, we are not
at liberty to ignore the Tort Claims Act. The Tort Claims Act's limited waiver of
immunity to suit must be harmonized with the "sue and be sued" waiver in the Local
Government Code and the holding in Missouri Pacific. The statutes may be harmonized
by restricting the "sue and be sued" waiver to claims based on contracts. In this case, the
Tort Claims Act governs the extent of the waiver of immunity to suit in Stockman's tort
claim, and the Whistleblower Act governs waiver of immunity to suit in his Whistleblower
claim. 

 Missouri Pacific must be narrowly read in this manner if the Local Government
Code provision is to be consistent with the Tort Claims Act. Although arising out of a
wrongful death claim, Missouri Pacific involved the railroad's indemnity claim against the
governmental entity. Missouri Pacific, 453 S.W.2d at 812-13. The basis of the indemnity
claim was a written agreement. Id. Reading Missouri Pacific narrowly, the District's
authority to enter into that written agreement carried with it the possibility of being sued
for a violation of the agreement. 

 The waiver of immunity to suit intended by the "sue and be sued" language appears
to be coextensive with the power given to the City to enter into an enforceable contract. 
I would hold the "sue and be sued" provision in the Local Government Code waives
immunity from suit only on the contract claim. (11) I therefore respectfully dissent from the
majority's resolution of issue two, but I concur on issues one and three. 


 ____________________________________

 DAVID B. GAULTNEY,

 Justice

Dissent and Concurrence

Delivered July 29, 2004

1. By affidavit, Stockman says he was appointed municipal court judge in November
2000 and became the "presiding municipal judge" in January 2001. We understand this
to mean his term began in 2001.
2. Stockman sued the mayor and two members of the governing council, but they are
not before us in this interlocutory appeal. 
3. The parties dispute whether Stockman completed his two year term and was not
reappointed or whether he was terminated. 
4. The terms "governmental immunity" and "sovereign immunity" are often used
synonymously and interchangeably without distinction. However, the Supreme Court has
noted that sovereign immunity refers to the State's immunity from suit and liability and
protects the State and its divisions, while governmental immunity protects political
subdivisions of the State, including counties, cities, and school districts. Wichita Falls
State Hosp. v. Taylor, 106 S.W.3d 692, 694 n. 3 (Tex. 2003). Because the governmental
entity involved here is a municipality, we use the term governmental immunity in this
opinion. But, if the authority cited in this opinion uses "sovereign immunity," we shall
also employ that terminology.
5. Although the City did not raise governmental immunity as to Stockman's contract
claim at the trial court level, waiver of immunity from suit is jurisdictional in nature and
may be raised for the first time on appeal. See Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998); Texas Ass'n of Business v. Texas Air Control Bd., 852
S.W.2d 440, 444-45 (Tex. 1993) (subject matter jurisdiction cannot be waived and may
be raised for the first time on appeal by the parties or by the court).
6. See Pelzel, 77 S.W.3d at 251; Texas Natural Resource Conservation Comm'n v.
IT-Davy, 74 S.W.3d 849, 857 (Tex. 2002).
7. See Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist., 123 S.W.3d
63, 66-68 (Tex. App.--Dallas 2003, pet. filed); City of Dallas v. Reata Constr. Corp., 83
S.W.3d 392, 398 (Tex. App.--Dallas 2002), rev. on other grounds, 47 Tex. Sup. Ct. J.
408, 2004 WL 726906 (Apr. 2, 2004); Townsend v. Memorial Med. Ctr., 529 S.W.2d
264, 267 (Tex. App.--Corpus Christi 1975, writ ref'd n.r.e.). By contrast, see United
Water Servs. v. City of Houston, No. 01-02-01057-CV, 2004 WL 909178 (Tex. App.--Houston [1st Dist.] Apr. 29, 2004, pet. filed); Alamo Community College Dist. v.
Browning Constr. Co., 131 S.W.3d 146 (Tex. App.--San Antonio 2004, pet. filed); City
of Houston v. Clear Channel Outdoor, Inc., No. 14-03-00022-CV, 2004 WL 63561 (Tex.
App.--Houston [14th Dist.] Jan. 15, 2004, pet. filed); City of Mexia, 115 S.W.3d at 621-22 (pet. granted); Goerlitz v. City of Midland, 101 S.W.3d 573, 577 (Tex. App.--El Paso
2003, pet. filed); Tarrant County Hosp. Dist. v. Henry, 52 S.W.3d 434, 449 (Tex. App.--Fort Worth 2001, no pet.); Welch v. Coca-Cola Enter., Inc., 36 S.W.3d 532 (Tex. App.--Tyler 2000, no pet.); Loyd v. ECO Resources, Inc., 956 S.W.2d 110, 122 (Tex. App.--Houston [14th Dist.] 1997, no pet.). 
8. See Act effective Feb. 19, 1925, 39th Leg., R.S., ch. 5, § 46, 1925 Tex. Gen.
Laws 7, 21 (current version at Tex. Water Code Ann. § 62.078 (Vernon 2004)). 
9. See City of Galveston v. Posnainsky, 62 Tex. 118, 125 (1884); see also Act
approved Jan. 27, 1858, 7th Leg., R.S., ch. 61, § 9, 1858 Tex. Gen. Laws 69, 70,
reprinted in 4 H.P.N. Gammel, The Laws of Texas, 1822-1897, at 941, 942 (Austin,
Gammel Book Co. 1898). 
10. See Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 3.02, sec. 101.0215, 1987
Tex. Gen. Laws 37, 47-48 (amended 1997, 1999, 2001) (current version at Tex. Civ.
Prac. & Rem. Code Ann. § 101.0215 (Vernon Supp. 2004)). 
11. Two law review articles read the "sue and be sued" provisions as referring to an
entity's legal capacity to sue and be sued -- as giving a particular entity a legal existence
in the courts. See George C. Kraehe, "There's Something About Cities: Understanding
Proprietary Functions of Texas Municipalities and Governmental Immunity." 32 Tex.
Tech. L. Rev. 1, 35-36 (2000); A. Craig Carter, "Is Sue and Be Sued Language a Clear
and Unambiguous Waiver of Immunity?" 35 St. Mary's L.J. 275, 289-300 (2004).