**Jackie D. "Tom" HILL, Appellant,**

v.

**PALESTINE INDEPENDENT SCHOOL DISTRICT,**
Appellee.

**No. 12–00–00101–CV.**

Court of Appeals of Texas,
Tyler.

Nov. 22, 2000.

Rehearing Overruled Dec. 20, 2000.

the failure to follow a general order of the Houston police chief is a violation of a "law" as contemplated by the statute.

Mark W. Robinett, Brim, Arnett & Robinette, P.C., Austin, for appellant.

Betsy Hall Bender, Austin, for appellee.

Panel consisted of DAVIS, C.J., HADDEN and WORTHEN, JJ.

DAVIS, Chief Justice.

Jackie D. "Tom" Hill ("Hill") sued the Palestine Independent School District (the "District") alleging that the District violated the Texas Open Meetings Act [1] by failing to give adequate public notice that it would hold a hearing concerning the nonrenewal of his employment contract. Both parties moved for summary judgment. The trial court granted the District's motion for summary judgment and denied

Hill's motion. Hill brings one issue on appeal. We affirm.

## *BACKGROUND*

The summary judgment evidence in this case shows that Hill was employed by the District as an agriculture teacher for the 1998–99 school year. On March 8, 1999, the District's Superintendent, Mard Herrick ("Herrick"), recommended to the District's Board of Trustees (the "Board") that Hill's employment contract not be renewed for the 1999–2000 school year. Subsequently, the District notified Hill of Herrick's recommendation. On March 22, 1999, Hill requested a hearing concerning the proposed nonrenewal of his contract.[2] The requested hearing was held during a called meeting of the Board on April 6, 1999 at which Hill and his attorney appeared. Prior to the hearing, Hill argued that the hearing should not take place because the hearing had not been posted on the agenda for the meeting. Nonetheless, the Board proceeded with the hearing. At Hill's request, the hearing was held in open session. During the hearing, Hill cross-examined the District's witnesses and introduced his own exhibits. Hill testified in his behalf and his attorney made a closing argument. The Board took no action on the proposed nonrenewal during the April 6 meeting. On April 20, the Board considered the nonrenewal of Hill's contract. Based upon the evidence presented during the April 6 hearing, the Board voted unanimously in open session

---

1. *See* TEX.GOV'T CODE ANN. §§ 551.001–.146 (West 1994 & Supp.2000) (hereinafter the "Act").

2. Section 21.207 of the Texas Education Code provides in pertinent part:
   (a) If the teacher desires a hearing after notice of the proposed nonrenewal, the teacher shall notify the board of trustees in writing not later that the 15th day after the date the teacher receives the notice of the proposed action. The board shall provide for a hearing to be held not later than the 15th day after the date the board receives the request for a hearing unless the parties agree in writing to a different date. The hearing must be closed unless the teacher requests an open hearing.
   TEX.EDUC.CODE ANN. § 21.207(a) (Vernon 1996).

to accept Herrick's recommendation and to terminate Hill's employment with the District.

## STANDARD OF REVIEW

■ In this case, the District filed a traditional motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(c). In its order granting the District's motion, the trial court did not specify the ground on which it based its judgment. When a trial court does not specify the ground on which it granted summary judgment, the judgment will be affirmed on any meritorious theory asserted in the motion and found in the record that proves conclusively that the nonmovant cannot prevail. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Under Rule 166a(c), summary judgment is proper only when the movant demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); Tex. R.Civ.P. 166a(c). When deciding whether there is a disputed material fact issue precluding summary judgment under Rule 166a(c), we treat evidence favorable to the nonmovant as true and we resolve any doubts in its favor. *Id.*

## VALIDITY OF HEARING

In his sole issue, Hill argues that the trial court erred in granting summary judgment for the District because the District failed to provide adequate public notice that it would hold a hearing on the nonrenewal of his employment contract on April 6.[3] He contends, therefore, that the hearing was invalid and void pursuant to section 551.141 of the Texas Government Code.[4] In its motion for summary judgment, the District argued that it did not take final action with regard to Hill's employment status on April 6. The District asserted that neither the District's policies on the nonrenewal of term contracts[5] nor the Texas Education Code[6] require that the District take final action on a teacher's employment contract at the meeting during which the hearing is conducted. Further, the District contended that it properly notified the public of its intention to consider the nonrenewal of Hill's contract on April 20 and that it timely rendered its final action in open session concerning Hill's contract on that date. In essence, the District argued that because no final action was taken on April 6, the hearing should not be voided under section 551.141. On appeal, Hill argues that the April 20

3. A governmental body shall give written notice of the date, hour, place and subject of each meeting held by the governmental body.

   Tex.Gov't Code Ann. § 551.041 (Vernon 1994).

4. An action taken by a governmental body in violation of this chapter is voidable.

   Tex.Gov't Code Ann. § 551.141 (Vernon 1994).

5. The Board may consider only such evidence as is presented at the hearing. After all the evidence has been presented, if the Board determines that the reasons given in support of the recommendation to not renew the employee's contract are lawful, supported by the evidence, and not arbitrary or capricious, it shall so notify the employee by a written notice not later than the fifteenth day after the dated on which the hearing is concluded. This notice shall also include the Board's decision on renewal, which decision shall be final.

6. Section 21.208 states in pertinent part:
   (b) If the teacher requests a hearing, following the hearing the board of trustees shall:
   (1) take the appropriate action to renew or not renew the teacher's contract; and
   (2) notify the teacher of that action not later than the 15th day after the date on which the hearing is concluded.
   Tex.Educ.Code Ann. § 21.208 (Vernon 1996).

vote was invalid because his contract was automatically renewed on April 7, 1999 when the District failed to hold a valid hearing within fifteen days of his request for a hearing. He also contends that because no valid hearing was held, the Board had no evidence on which to base its April 20 decision to terminate his employment with the District.

■ "Governmental *actions* in violation of the Open Meetings Act are voidable." *Point Isabel I.S.D. v. Hinojosa,* 797 S.W.2d 176, 179 (Tex.App.—Corpus Christi 1990, writ denied) (emphasis added); *see* TEX.GOV'T CODE ANN. § 551.141 (Vernon 1994). Assuming that the District violated the Act by failing to provide adequate public notice of the hearing on the nonrenewal of Hill's contract, the issue is whether the District's "action" in conducting the hearing is voidable. In considering this question of whether the hearing is voidable, cases construing another provision of the Act are instructive. Section 551.102 of the Government Code provides that a final action, decision or vote on a matter deliberated in closed session must be conducted in an open meeting. TEX. GOV'T CODE ANN. § 551.102 (Vernon 1994). Under the Act, there is a distinction between meetings at which only deliberation[7] takes place and meetings at which decisions are made. *Thompson v. City of Austin,* 979 S.W.2d 676, 685 (Tex.App.—Austin 1998, no pet.); *Board of Trustees v. Cox Enter., Inc.,* 679 S.W.2d 86, 89 (Tex. App.—Texarkana 1984), *rev'd in part on other grounds,* 706 S.W.2d 956 (Tex.1986); *see United I.S.D. v. Gonzalez,* 911 S.W.2d 118, 128 (Tex.App.—San Antonio 1995, writ denied). If a meeting involves only deliberation, a governmental body does not violate the Act by holding such a meeting in closed session. *Thompson,* 979 S.W.2d at 685. The distinction between those meetings which involve some form of final action and those which merely involve the deliberative process is persuasive in this case. Further, section 21.208 of the Education Code refers to the board of trustees' decision to renew or not renew a teacher's contract as the "action" of the board. TEX. EDUC.CODE ANN. § 21.208 (Vernon 1996). Moreover, the Corpus Christi Court of Appeals has noted that the Act does not provide that a "meeting" is voidable, but only that "an action taken" is voidable. *Point Isabel I.S.D.,* 797 S.W.2d at 182.

■ It is undisputed that on April 6, the District did not vote or take any final action concerning Hill's employment status. The District merely conducted a hearing in open session at which Hill and his attorney were present. It is also undisputed that the District properly notified the public of its intention to consider the nonrenewal of Hill's contract on April 20 and that it voted in open session to terminate Hill's employment with the District on that date. Based on the foregoing, we conclude that the hearing conducted on April 6 is not the type of governmental action that is subject to judicial invalidation.

According to Hill, *Point Isabel I.S.D.* and *Smith County v. Thornton,* 726 S.W.2d 2 (Tex.1986), support his position that the hearing on April 6 was void. However, in both of those cases, the governmental body's action involved a decision or vote of some kind. *Point Isabel I.S.D.,* 797 S.W.2d at 178–79 (seeking judicial invalidation of school board's hiring decisions); *Smith County,* 726 S.W.2d at 2

---

7. "Deliberation" means a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business. TEX.GOV'T CODE ANN. § 551.001(2) (Vernon 1994).

(seeking judicial invalidation of commissioners court's vote to close a road and authorization of a quitclaim deed). Thus, *Point Isabel I.S.D.* and *Smith County* are distinguishable from the instant case.

■ We also disagree with Hill's contentions that (1) his contract was automatically renewed on April 7, and (2) the Board had no evidence on which to base its April 20 decision. For the reasons discussed above, the April 6 hearing was not invalid. Therefore, Hill's employment was not automatically renewed on April 7 and the Board had evidence on which to base its April 20 decision. Hill argues that *Salinas v. Central Educ. Agency,* 706 S.W.2d 791 (Tex.App.—Austin 1986, writ ref'd), lends support to his contention that his contract was renewed on April 7. In *Salinas,* the school district informed a coach via letter that the board of trustees had voted not to renew his contract. *Id.* at 792. In this same letter, the district also informed the coach that he could request a hearing. *Id.* at 793. The coach did so and after a hearing, the board again voted not to renew his contract. On appeal, the coach complained that he was entitled to notice and a hearing before the board decided not to renew his contract. *Id.* The *Salinas* court held that under the Term Contract Nonrenewal Act,[8] "[f]undamental fairness dictates that a person must be given the opportunity to be heard on the merits of the dispute at a meaningful time (adequate notice) and in a meaningful manner (a fair hearing)." *Id.* at 794–95. Thus, the court concluded that "*before* the board could lawfully *decide* not to renew appellant's contract, the board had to first comply with the minimum procedural requirements of the [Term Contract Nonrenewal Act]. It had to notify appellant that nonrenewal was being proposed or considered, and it had to give him an opportunity to respond before deciding not to renew his contract." *Id.* at 795 (emphasis in original).

■■ Here, Hill was notified of Herrick's recommendation and requested a hearing. Hill and his attorney participated in the hearing. Only after the hearing did the Board vote not to renew Hill's contract. Moreover, the *Salinas* court was assessing notice to the employee under the Term Contract Nonrenewal Act, not notice to the public under the Open Meetings Act. Generally, the Open Meetings Act is "not a legislative scheme for service of process; it has no due process implications. Rather, its purpose is to provide 'openness at every stage of a [governmental body's] deliberations.' " *City of San Antonio v. Fourth Court of Appeals,* 820 S.W.2d 762, 765 (Tex.1991) (citation omitted). Thus, *Salinas* involved considerations of "fundamental fairness" to the employee which are not present here. Accordingly, *Salinas* does not control our decision in this case.

## CONCLUSION

For the foregoing reasons, we hold that summary judgment was properly granted in favor of the District. Appellant's issue is overruled.

The judgment of the trial court is *affirmed.*

---

**8.** Formerly Tex.Educ.Code Ann. § 21.201–.211.