Affirmed and Opinion filed February 8, 2005









Affirmed and Opinion filed February 8, 2005.

 

 

 

In The

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00477-CV

____________

 

GERALD A. BURKS, Appellant

 

V.

 

JAMES YARBROUGH, EDDIE BAR, EDDIE
JANEK, STEPHEN HOLMES, KEN CLARK, AND PHIL LOHEC, Appellees

 



 

On Appeal from County Court at Law
No. 2

Galveston County, Texas

Trial Court Cause No. 48-777



 

NO. 14-03-00536-CV

____________

 

GERALD A. BURKS, Appellant

 

V.

 

JAMES YARBROUGH,
EDDIE BAR, EDDIE JANEK, STEPHEN HOLMES, KEN CLARK, AND PHIL LOHEC, Appellees

 



On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 02-CV-0880

 



 








O P I N I O N

Appellant Gerald A. Burks appeals from the
denial of his motions for summary judgment and the granting of the summary
judgment motions of appellees James Yarbrough, Eddie Bar, Eddie Janek, Stephen
Holmes, Ken Clark, and Phil Lohec.  We
affirm.

                          FACTUAL AND
PROCEDURAL BACKGROUND

Burks is the former Galveston County
Treasurer.  While he was County
Treasurer, Burks brought two mandamus proceedings, one in Galveston County
District Court and the other in Galveston County Court at Law, against the
Galveston County Auditor, appellee Lohec, and the Galveston County
Commissioners Court, comprised of appellees Yarbrough, Bar, Janek, Holmes, and
Clark.  Burks primarily sought to compel
the return of certain county funds, alleging the funds were expended in
violation of the Local Government Code and the Texas Open Meetings Act.  Burks also sought to compel the payment of
fees to an attorney who represented him in his capacity as County Treasurer in
a separate suit filed by the County Commissioners Court.

Burks lost his bid for re-election.  As a result, while these actions were
pending, the claims in his capacity as County Treasurer were dismissed and have
not been appealed.  Burks also alleged
these same claims in his individual capacity. 
Both sides moved for summary judgment, and the trial courts, without
specifying the basis, granted appellees’ motions and denied Burks’s.  Burks appeals from both judgments, contending
in five issues in each appeal that his motions for summary judgment, not
appellees’, should have been granted.  As
the factual background and legal issues substantially overlap, we consider both
appeals together.

                                                      ANALYSIS








When both sides have moved for summary
judgment and one motion is granted and one denied, we should determine all questions
presented and render the judgment the trial court should have rendered.  Lubbock County v. Trammel’s Lubbock Bail
Bonds, 80 S.W.3d 580, 583 (Tex. 2002).

                                                       Standing

In their motions for summary judgment,
appellees argued that Burks does not have standing to seek return of allegedly
improperly expended county funds, either as a taxpayer or as an “interested
person” under the Open Meetings Act.  In
his fourth issue in the district court appeal and his second issue in the
county court appeal, Burks contends that appellees were not entitled to summary
judgment because they did not conclusively establish his lack of standing.

As a general rule, taxpayers do not have a
right to bring suit to contest government decisionmaking.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000).  Unless a
statute directs otherwise, to have standing to sue, “taxpayers must show as a
rule that they have suffered a particularized injury distinct from that
suffered by the general public.”  Id.
at 555–56.  However, even without showing
a particularized injury, taxpayers have standing to seek to enjoin the illegal
expenditure of public funds.  Id.
at 556.  “A taxpayer may maintain an
action solely to challenge proposed illegal expenditures; a taxpayer may not
sue to recover funds previously expended . . . .”  Williams v. Lara, 52 S.W.3d 171, 180
(Tex. 2001) (citing Hoffman v. Davis, 100 S.W.2d 94, 96 (Tex.
1937)).  Rather, such a cause of action
belongs exclusively to the county commissioners court or the county treasurer
if the suit involves allegations of dereliction of duty of the majority of the
county commissioners.  Hoffman v.
Davis, 100 S.W.2d 94, 96 (Tex. 1937); Op. Tex. Att’y Gen. No. WW-1227
(1961).








Burks does not claim to have any interest
distinct from the general public, and at oral argument, Burks admitted that
since he seeks the return of alleged illegally expended funds, he has no
standing to sue unless it is conferred by another source.  Burks contends that the Open Meetings Act
provides this source of standing.[1]








The Open Meetings Act provides that an
“interested person . . . may bring an action by mandamus or injunction to stop,
prevent, or reverse a violation or threatened violation of this chapter by
members of a governmental body.”  Tex. Gov’t Code Ann. § 551.142(a)
(Vernon 2004).  Appellees contend that an
“interested person” under the Open Meetings Act must still demonstrate a
particularized injury, relying on City of Abilene v. Shackelford, 572
S.W.2d 742, 745–46 (Tex. Civ. App.—Eastland 1978), rev’d on other grounds,
585 S.W.2d 665 (Tex. 1979).  The Shackelford
court applied general standing principles and held that an “interested person”
under the Open Meetings Act “must show particular injury or damage, and he must
allege and show how he has been injured or damaged other than as a member of
the general public.”  Id. at
746.  However, Shackelford appears
to stand alone in its analysis.  Other
courts directly addressing the issue have adopted an extremely broad
interpretation of who constitutes an “interested person” under the Open
Meetings Act.  See Matagorda
County Hosp. Dist. v. City of Palacios, 47 S.W.3d 96, 102 (Tex. App.—Corpus
Christi 2001, no pet.) (following the majority of courts that have broadly
interpreted the phrase “interested person” under the Open Meetings Act); Rivera
v. City of Laredo, 948 S.W.2d 787, 791–92 (Tex. App.—San Antonio 1997, writ
denied) (adopting broad interpretation of “interested person”); Save Our
Springs Alliance, Inc. v. Lowry, 934 S.W.2d 161, 163 (Tex. App.—Austin
1996, no writ) (noting that the standing conferred by the Open Meetings Act is
broader than taxpayer standing and rejecting a requirement that a citizen prove
an interest different from the general public); City of Fort Worth v. Groves,
746 S.W.2d 907, 913 (Tex. App.—Fort Worth 1988, no writ) (finding that
“affected taxpayer and citizen” had standing under the Open Meetings Act); Cameron
County Good Gov’t League v. Ramon, 619 S.W.2d 224, 230 (Tex. Civ.
App.—Beaumont 1981, writ ref’d n.r.e.) (“It is difficult to see how the
Legislature could broaden the class of ‘any interested person.’”).

The Texas Supreme Court has held that the
intended beneficiaries of the Open Meetings Act are “members of the interested
public.” City of San Antonio v. Fourth Court of Appeals, 820 S.W.2d 762,
765 (Tex. 1991).  Requiring an individual
to show injury or damage other than as a member of the general public is
inconsistent with this principle.  We
therefore join the majority of courts that have addressed this issue and
interpret the Open Meetings Act broadly to confer standing on any member of the
interested public.  Accordingly, we find
Burks has standing to pursue alleged violations of the Open Meetings Act.








Appellees argue that because a suit to
recover money allegedly owed to a county belongs exclusively to the county
commissioners court and county treasurer, even if Burks is an “interested
person” under the Open Meetings Act, he still has no standing to sue.  We disagree.  Appellees cite no authority, and analogous
authority is inconsistent with this position. 
The San Antonio court addressed a similar issue when discussing a claim
that the Laredo City Council selected a police chief in violation of the Open
Meetings Act.  Rivera, 948 S.W.2d
at 789.  The court noted that a quo
warranto proceeding is traditionally the exclusive remedy to challenge a
person’s right to hold public office.  Id.
at 790.  However, given the broad
language of and important policy underlying the provision allowing any
“interested person” to bring an action under the Open Meetings Act, the court
concluded that “the only situation in which a public official’s office can be
challenged in an action other than a quo warranto proceeding is where a
violation of the Open Meetings Act is asserted.”  Id. at 791; accord City of San
Antonio v. Hardee, 70 S.W.3d 207, 212–13 (Tex. App.—San Antonio 2001, no
pet.).  We similarly conclude that the
only situation in which someone other than the county commissioners court or
county treasurer can seek to compel the return of public funds is where it is
asserted that those funds were expended in a meeting in violation of the Open
Meetings Act.

We sustain district court appeal issue
four and county court appeal issue two to the extent Burks seeks standing under
the Open Meetings Act and overrule these issues to the extent Burks seeks standing
as a taxpayer.  Because we conclude that
Burks has standing to seek return of public funds only if those funds were
expended pursuant to a meeting that violates the Open Meetings Act, the
remainder of our analysis focuses only on the alleged Open Meetings Act
violations and not any violation of the Local Government Code.[2]

                                                 Insurance
Funds

Instead of Social
Security, Galveston County employees participate in the Galveston County
Disability, Retirement and Survivorship Benefits Program.  Under that program, two companies provided
life insurance.  When these companies
changed from mutual companies to stock companies in 1999, Galveston County
withdrew its funds because it could not lawfully own stock.  In a series of open, duly noticed meetings in
1999 and 2000, the Commissioners Court decided how to handle this money.  When the money was received, it was dealt
with according to the decisions made in those meetings.








In his first issue in the district court
appeal, Burks claims that appellees were not entitled to summary judgment
because they did not conclusively establish that this handling of the funds was
not a violation of the Open Meetings Act. 
Burks seeks return of the funds, claiming appellees violated the Open
Meetings Act by not posting notice of receipt of the money.  

The Open Meetings Act provides that
“[e]very regular, special, or called meeting of a governmental body shall be
open to the public, except as provided by this chapter.”  Tex.
Gov’t Code Ann. § 551.002 (Vernon 2004). 
The Act does not address the substance of government
decisionmaking.  Rather, the “core
purposes” of the Act “are to enable public access to and to increase public
knowledge of government decisionmaking.” 
City of San Antonio, 820 S.W.2d at 765.

Burks does not claim that the funds were
handled in any way other than according to what was decided at the meetings in
1999 and 2000.  He may disagree with the
substance of what was decided at those meetings, but that does not give rise to
an Open Meetings Act violation.  See
id.  Further, nothing in the Act
requires that mere receipt of money must be noticed before that money can be
dispersed according to decisions made at open, properly noticed meetings.  We overrule district court appeal issue one.

                                                Payments
to Pauls








In August 1999, Louis Pauls & Co.
(“Pauls”) entered into a contract with Galveston County, and Pauls was paid for
its services in April 2001.  Both the
signing of the contract and the payment for services were approved at open,
duly noticed meetings, and Burks does not dispute this.  However, he claims that when the County
Commissioners and Pauls discussed business during a trip to New York in
February 2001, those discussions amounted to a closed meeting.  According to Burks in his second issue in the
district court appeal and his fifth issue in the county court appeal,[3]
this closed meeting essentially taints the entire relationship, and therefore
the subsequent payments to Pauls for services rendered and reimbursement for
travel expenses, which were authorized at duly noticed meetings, were illegal.

The Open Meetings Act provides that “[a]n
action taken by a governmental body in violation of this chapter is
voidable.”  Tex. Gov’t Code Ann. § 551.141 (Vernon 2004).  Burks does not allege that any payments to
Pauls were approved at this meeting in New York.  The Act provides a basis for voiding
“specific acts which violate the Open Meetings Act.”  Point Isabel Indep. Sch. Dist. v. Hinojosa,
797 S.W.2d 176, 182 (Tex. App.—Corpus Christi 1990, writ denied).  It does not render any subsequent decision
made based on deliberations at a closed meeting voidable.  Hill v. Palestine Indep. Sch. Dist.,
113 S.W.3d 14, 17 (Tex. App.—Tyler 2000, pet. denied).  Because Burks does not complain of any action
taken at the meeting in New York, he has no basis on which to seek to void the
payments to Pauls.  We overrule district
court appeal issue two and county court appeal issue five to the extent Burks
argues that reimbursement of the travel expenses was made in violation of the
Open Meetings Act.

                                               Settlement
Payment

On July 31, 2000, at a properly noticed
meeting, the Commissioners Court approved paying a former employee to settle
potential claims arising from the termination of his employment.  The Commissioners Court processed the
settlement as a claim and approved the payment at a second properly noticed
meeting three weeks later.  The
settlement check was mistakenly prepared as a payroll check, and when the
mistake was caught, a new check was prepared and approved at a third meeting on
August 28, 2000.  Because Burks expressed
concerns about how the checks were prepared, the Commissioners Court
reconsidered the matter and approved the payment at a fourth properly noticed
meeting on September 11, 2000.








Burks complains that the action taken on
August 24, 2000 of signing the new settlement check that was to be presented
for approval at the August 28 meeting was somehow illegal because August 24,
2000 was not a lawful meeting of the County Commissioners Court.  Even assuming the Commissioners Court somehow
held an unlawful meeting by signing the new check, any impropriety was
corrected when the Commissioners Court, at Burks’s request, subsequently
reconsidered the issue and again approved payment.  See Markowski v. City of Marlin,
940 S.W.2d 720, 726 (Tex. App.—Waco 1997, pet. denied) (“Action undertaken at
an invalid meeting can be ratified at a later valid meeting as long as there is
no retroactive effect.”); Fielding v. Anderson, 911 S.W.2d 858, 864–65
(Tex. App.—Eastland 1995, writ denied) (holding that a governmental body can
reconsider an issue previously decided at a meeting not properly noticed
because otherwise “once a governmental body has done a void act, the situation
could never be corrected”).  We overrule
county court appeal issue five to the extent Burks argues that the settlement
payment was made in violation of the Open Meetings Act.

                                              Payment
for Website

At an open meeting on October 8, 2001, the
Commissioners Court approved payment to a website development company for work
performed on Commissioner Clark’s official website.  Burks complains that in the two earlier
meetings authorizing the work from the company, the funds were improperly
budgeted.  Thus, according to Burks, the
Commissioners Court could not approve payment on October 8, 2001 without first
posting notice that the prior budgeting was improper.  At oral argument, Burks clarified his
argument to be that the Commissioners Court must post a notice that it intends
to conduct an illegal act to comply with the notice requirements of the Open
Meetings Act.








The Open Meetings Act requires that “[a]
governmental body shall give written notice of the date, hour, place, and
subject of each meeting to be held by the governmental body.”  Tex.
Gov’t Code Ann. § 551.041 (Vernon 2004). 
If the facts of the content of a notice are undisputed, the adequacy of
the notice is a question of law.  Friends
of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth., 96 S.W.3d 519, 529
(Tex. App.—Austin 2002, pet. denied).  A
notice need not provide exacting detail of all issues to be decided.  “As long as a reader is alerted to the topic
for consideration, it is not necessary to state all of the consequences which
may flow from consideration of the topic.” 
Cox Enters., Inc. v. Bd. of Trustees, 706 S.W.2d 956, 958 (Tex.
1986).  Even if a notice is not as clear
as it could be, it is adequate as long as it is sufficiently descriptive to
alert a reader that a particular subject will be addressed.  Friends of Canyon Lake, 96 S.W.3d at
531.

Nothing in the Open Meetings Act requires
that a governmental body include in its notice that it intends to violate some
provision of law.  As a general matter,
such detail is not required under the Act. 
Further, to require such a notice would bootstrap every allegedly
illegal act into a violation of the Open Meetings Act, thereby circumventing
the carefully crafted scheme limiting the manner in which taxpayers and other
citizens can challenge the actions of governmental bodies.  See Williams, 52 S.W.3d at 180; Bland
Indep. Sch. Dist., 34 S.W.3d at 555–56. 
We overrule county court appeal issue five to the extent Burks argues
that payment for the website development was made in violation of the Open
Meetings Act.

                                                   CONCLUSION

Given our disposition of these issues, we
need not address Burks’s remaining issues.[4]  We affirm the trial courts’ judgments.

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Opinion filed February 8, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.











[1]  For the first time in his reply
briefs, Burks contends that appellees have waived their standing arguments
because they amount to an attack on his capacity to sue and challenges to
capacity must be specifically pleaded and verified by affidavit, which
appellees did not do.  See Tex. R. Civ. P. 93.  Burks confuses capacity and standing.  Standing implicates a court’s subject matter
jurisdiction and cannot be waived.  Nootsie,
Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex.
1996).  Appellees’ challenge goes to
whether Burks is personally aggrieved and therefore has standing, not to
whether he has the legal authority to act and therefore has the capacity to
sue.  See id. at 661.  Thus, appellees’ argument is one of standing
and is properly before this court.  Even
if Burks is correct that appellees’ argument really is one of capacity and not
standing, Burks has waived this pleading deficiency argument by failing to
raise it in the trial courts below or in this court until his reply brief.  See Tex. R. Civ. P. 90 (“Every defect, omission or fault in a
pleading . . . which is not specifically pointed out by exception in writing
and brought to the attention of the judge . . . shall be deemed to have been
waived . . . .”); Tex. R. App. P. 38.3
(reply briefs are to address any matter in appellee’s brief); Zamarron v.
Shinko Wire Co., 125 S.W.3d 132, 139 (Tex. App.—Houston [14th Dist.] 2003,
pet. denied) (complaint waived because not raised in initial brief).





[2]  When Burks was
still County Treasurer, the Commissioners Court sued Burks to compel him to pay
County bills.  With the Commissioners
Court’s consent, Burks hired an attorney to represent him in his official
capacity.  The County paid some but not
all of the attorney’s bills.  Burks seeks
to compel payment of these fees.  In the
third issue of the district court appeal, Burks characterizes the failure to
pay the attorney’s fees as a violation of the Open Meetings Act and the Local
Government Code.  Assuming failure to pay
a bill violates the Local Government Code, Burks has no standing to bring such
a claim.  It is the attorney, not Burks,
who is aggrieved by the failure to pay. 
Because Burks contracted with the attorney in his official capacity, he
is not individually liable for the fees. 
Burks has no interest in this matter distinct from the general public,
and therefore he has no standing.  See
Bland Indep. Sch. Dist., 34 S.W.3d at 555–56.  Furthermore, the Open Meetings Act does not
provide a basis for standing on this claim. 
Although Burks characterizes this as an Open Meetings Act claim in the
wording of his issue, he provides no explanation, analysis, or authority as to
why a refusal to pay a bill implicates the Open Meetings Act.  Therefore, because of inadequate briefing, he
has waived this argument.  See Tex. R. App. P. 38.1(h); Melendez v.
Exxon Corp., 998 S.W.2d 266, 280 (Tex. App.—Houston [14th Dist.] 1999, no
pet.).  We overrule district court appeal
issue three.





[3]  In issue five
in the county court appeal, Burks generally asserts that his motion for summary
judgment should have been granted, which we read to fairly include the
arguments he briefs elsewhere on separate issues regarding whether appellees
violated the Open Meetings Act with respect to reimbursement of travel
expenses, making a settlement payment, or paying for website development
services.





[4]  In district
court appeal issue five and county court appeal issues three and four, Burks
addresses separate defenses appellee Lohec raised.  In county court appeal issue one, Burkes
addresses appellees’ official immunity defense.