

# NUMBER 13-20-00110-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERT LEFTWICH,                                                    Appellant,

v.

CITY OF HARLINGEN, TEXAS
AND MAYOR CHRIS BOSWELL,
IN HIS OFFICIAL CAPACITY,                                          Appellees.

On appeal from the 103rd District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Robert Leftwich appeals the trial court's dismissal of his lawsuit against appellees City of Harlingen, Texas (City) and Mayor Chris Boswell, in his Official Capacity. By three issues, appellant contends the trial court erred by granting appellees' plea to the jurisdiction on the basis of governmental immunity because (1) several statutes waive immunity in the present suit; (2) the City's motion to enact a tax ordinance was not in compliance with the applicable statutes; and (3) the City's alleged Texas Open Meetings Act (TOMA) violations constituted a violation of appellant's First Amendment right to free speech. We affirm.

## I.     BACKGROUND

This case stems from the City adopting two ordinances raising property taxes on September 17, 2019. According to appellant's fourth amended petition, appellees committed several missteps in adopting the tax ordinances. Specifically, appellant alleges the following violations: (1) the published notice failed to conform to the "date, time[,] and location" requirements of Texas Local Government Code § 140.010(c), (e), *see* TEX. LOCAL GOV'T CODE ANN. § 140.010(c), (e); (2) appellees failed to meet the deadline to adopt the tax rate prescribed by Texas Tax Code § 26.06(e), *see* TEX. TAX CODE ANN. § 26.06(e) (requiring vote on proposed tax rate "not be earlier than the third day or later than the [fourteenth] day after the date of the second public hearing"); (3) appellees violated TOMA by not allowing public comment "before or during" the consideration of the of the tax ordinances agenda items at the September 4 hearing, *see* TEX. GOV'T CODE ANN. § 551.007(b); (4) appellees' failed to provide notice of the date, time, and place that

the City would vote on the ordinances at either the August 7 or August 21 hearings pursuant to Texas Tax Code § 26.06, *see* TEX. TAX CODE ANN. § 26.06(d); (5) appellees failed to post the required notices on the City's website pursuant to Texas Tax Code §§ 26.05(a), (c), (d), 26.06(c), *see* TEX. TAX CODE ANN. §§ 26.05(a), (c), (d), 26.06(c); and (6) appellees failed to comply with the form requirements of Texas Tax Code § 26.05(b) when it adopted the tax ordinances, *see* TEX. TAX CODE ANN. § 26.05(b) (providing that "[a] motion to adopt an ordinance, resolution, or order setting a tax rate that exceeds the effective tax rate must be made in" a particular form).

Appellant's prayer for relief requested: (1) a temporary injunction prohibiting the enforcement of the tax ordinances and future TOMA and tax code violations; (2) a declaratory judgment that appellees violated TOMA and Texas Local Government Code § 140.010; (3) a declaratory judgment "declaring that the [o]rdinances are invalid and void ab initio"; (4) "[a] permanent injunction: (a) preventing [appellees] from effectuating, enforcing, or taking any action in furtherance of the [o]rdinances; and (b) requiring defendants to comply with [TOMA] and the Texas Tax Code"; and (5) attorney's fees and court costs incurred in connection with the suit.

Appellees filed a plea to the jurisdiction, challenging the jurisdictional facts upon which appellant's suit is predicated. Appellees argued that appellant's factual allegations were not supported by the evidence and challenged each alleged violation therein. Appellees' plea included multiple exhibits, including: (1) July 11th and 19th city commission budget workshop agendas; (2) agenda, minutes, and audio for the July 24th commission meeting; (3) notices published in a newspaper on July 23rd, 26th, and 30th,

3

containing information about the public meetings; (4) agenda, minutes, citizen sign-up sheet, and video of the August 7th commission meeting; (5) agenda, minutes, citizen sign-up sheet, and video of the August 21st commission meeting; (6) agenda, citizen sign-up sheet, and video of the September 4th commission meeting; (7) agenda, citizen sign-up sheet, and audio of the September 17th commission meeting;[1] (8) City of Harlingen Charter; (9) City of Harlingen Rules–Resolution 99R-4; and (10) authenticating affidavits of Amanda Elizondo, Elvia Trevino, and Sergio Mujica. Appellees also requested the trial court "take judicial notice of the official content [of the City's website], especially given that it would be too voluminous to submit as an attached exhibit." Mujica's affidavit included sworn statements authenticating portions of the City's website, with five URL links to notices posted by the City.[2]

The jurisdictional record shows that on July 30, 2019, the City published a notice in a local paper regarding the proposed tax rate increase, notifying the public of the proposal and two upcoming hearings scheduled on August 7th and August 21st to discuss the tax rate. The entire notice appeared as follows:

---

[1] Appellees noted that the minutes for the September 4 and 17 meetings had not been approved at the time appellees filed their plea but the "[m]inutes [would] be supplemented when approved." The minutes were supplemented along with the transcription from the September 17 meeting prior to the hearing on the City's plea to the jurisdiction.

[2] At the time of this opinion, the links to the notices yielded a "page not found" error; the notices were not independently included in the record. *See* TEX. R. APP. P. 34.1.

Tuesday, July 30, 2019  Rio Grande Valley  valleystar.com ★A3

# NOTICE OF 2019 TAX YEAR PROPOSED PROPERTY TAX RATE FOR CITY OF HARLINGEN

A tax rate of $0.630000 per $100 valuation has been proposed by the governing body of CITY OF HARLINGEN. This rate exceeds the lower of the effective or rollback tax rate, and state law requires that two public hearings be held by the governing body before adopting the proposed tax rate.

The governing body of CITY OF HARLINGEN proposes to use revenue attributable to the tax rate increase for the purpose of funding the increased cost of providing public safety services, capital improvements and equipment.

| | |
|---|---|
| PROPOSED TAX RATE | $0.630000 per $100 |
| PRECEDING YEAR'S TAX RATE | $0.588827 per $100 |
| EFFECTIVE TAX RATE | $0.573700 per $100 |
| ROLLBACK TAX RATE | $0.616300 per $100 |

The effective tax rate is the total tax rate needed to raise the same amount of property tax revenue for CITY OF HARLINGEN from the same properties in both the 2018 tax year and the 2019 tax year.

The rollback tax rate is the highest tax rate that CITY OF HARLINGEN may adopt before voters are entitled to petition for an election to limit the rate that may be approved to the rollback rate.

YOUR TAXES OWED UNDER ANY OF THE ABOVE RATES CAN BE CALCULATED AS FOLLOWS:

Property tax amount = (rate) x (taxable value of your property) / 100

For assistance or detailed information about tax calculations, please contact:
Sergio Villasana
City of Harlingen Deputy Finance Director
118 E Tyler
956-216-5050
svillasana@myharlingen.us
www.myharlingen.us

You are urged to attend and express your views at the following public hearings on proposed tax rate:
First Hearing: 08/07/2019 5:30 PM at Town Hall
Second Hearing: 08/21/2019 5:30 PM at Town Hall

The August 7th and August 21st hearings proceeded as scheduled. At the meetings, the City permitted public comment, during which time appellant and other interested persons provided comments in opposition to the City's proposed tax increase. On September 4th, the City performed the first reading of the proposed ordinance for ad

valorem tax rates for maintenance and operation without public comment prior to the agenda item. However, after a commissioner moved to adopt the ordinance, Boswell asked, "Is there any discussion?" and received no response. Immediately after, the City performed the first reading of the proposed ordinance for the ad valorem tax rates for the interest and sinking fund. Boswell similarly asked, "Is there any discussion?" to which no person responded. Both readings passed. At the end of the meeting, the City opened the floor to public comment, calling on those who had signed the "citizen communication sign-up sheet" for the September 4 hearing. The sheet stated "[t]his is a sign[-]up sheet for any item that IS NOT ON THE AGENDA for action." Appellant had signed his name on the sign-up sheet but left the meeting prior to the citizen comment portion of the meeting.

The City's charter requires the commission to perform two readings of any proposed ordinance before it can adopt the ordinance. Accordingly, the City did not adopt the ordinances on September 4. The City held a specially-called meeting on September 17 and the sole agenda item was the proposed tax increases. After public comment, a city commissioner, later identified as Commissioner Michael Mezmar, can be heard calling for a record vote. The motion passed unanimously.

Following a hearing on appellees' plea to the jurisdiction, the trial court granted the plea and dismissed appellant's suit in its entirety. Appellant filed a request for findings of fact and conclusions of law. The trial court issued twenty-three findings of fact and sixty-six conclusions of law. Among the findings of fact is a finding that the City posted a notice on the homepage of its website containing a statutorily-required notice, following the adoption of the new tax ordinances.

6

Appellant filed a request for additional and amended findings of fact, specifically challenging the trial court's findings that the City complied with the notice requirements of Texas Local Government Code § 140.010(b), (e), and (f)(1). *See* TEX. LOCAL GOV'T CODE ANN. § 140.010(b), (e), (f)(1). Appellant further requested conclusions "35-47 . . . be struck based on the above facts" and asserted "48-60 are obviated as a matter of law" by Texas Tax Code § 26.06(e). *See* TEX. TAX CODE ANN. § 26.06(e). Appellant filed an additional motion for leave to attach other findings on the request for additional and amended findings and conclusions. In his motion for leave, appellant requested the trial court to amend additional findings of fact by deleting them from the trial court's findings. Appellant also requested specific language be amended for other facts and for the trial court to strike various conclusions of law. Appellant did not challenge a finding that the City posted the notice regarding the adopted tax increase on the homepage of its website.

Finally, appellant filed a motion for new trial. The trial court denied appellant's motion for new trial and failed to rule on his requests for additional or amended findings of fact and conclusions of law. This appeal followed.

## II.    STANDARD OF REVIEW

"Local governmental entities 'enjoy governmental immunity from suit, unless immunity is expressly waived.'" *Lubbock Cnty. Water Control & Imp. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014) (quoting *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 836 (Tex. 2010)). "Governmental immunity includes both immunity from liability, 'which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity

7

altogether.'" *Id.* The City is a local governmental entity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). Immunity is not waived absent "clear and unambiguous language" waiving immunity. TEX. GOV'T CODE ANN.§ 311.034; *Tex. Nat. Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 854–55 (Tex. 2002). If a political subdivision of the State enjoys governmental immunity from the plaintiff's claims, the trial court does not have subject matter jurisdiction to entertain the suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law, which we review de novo. *Id.* at 226.

A plea to the jurisdiction is a procedural tool used to challenge a court's authority to determine the subject matter of the cause of action. *Tarrant Cnty. Coll. Dist. v. Sims*, 621 S.W.3d 323, 327 (Tex. App.—Dallas 2021, no pet.). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. We will liberally construe the pleadings and look to the pleader's intent. *Id.* "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Id.* at 227.

If the evidence creates a fact question, the plea to the jurisdiction should not be granted, and the fact issue should be resolved by the trier of fact. *Id.* at 228. If, on the other hand, the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of

8

law. *Id.* This standard generally mirrors that of summary judgment. *Id.*; *see generally* TEX. R. CIV. P. 166a(c). Accordingly, the governmental unit carries the initial burden. *Miranda*, 133 S.W.3d at 228. "[A]fter the [governmental unit] asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* "When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant." *Id.* "We indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

However, "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity . . . ." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). "To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.*

### III.    APPLICABLE LAW

The pertinent facts giving rise to this suit occurred between July 30, 2019, and September 17, 2019. Accordingly, to the extent any laws have been amended, we refer to and apply the laws applicable on those dates.

### A.    Uniform Declaratory Judgment Act

The Uniform Declaratory Judgment Act (UDJA) "does not contain a general waiver

of sovereign immunity." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019). However, under the UDJA,

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM. CODE ANN.§ 37.004(a). Further, "[f]or claims challenging the validity of ordinances or statutes . . . the [UDJA] requires that the relevant governmental entities be made parties, and thereby waives immunity." *Heinrich*, 284 S.W.3d at 373, n.6 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b)).

**B.     Texas Open Meetings Act**

TOMA states that "[e]very regular, special, or called meeting of a governmental body shall be open to the public."[3] TEX. GOV'T CODE ANN. § 551.002. A "governmental body" includes "a municipal governing body in the state." *Id.* § 551.001(3)(C). Effective September 1, 2019, "[a] governmental body shall allow each member of the public who desires to address the body regarding an item on an agenda for an open meeting of the body to address the body regarding the item at the meeting before or during the body's consideration of the item." *Id.* § 551.007(b). "An action taken by a governmental body in violation of [TOMA] is voidable." *Id.* § 551.141. "An interested person . . . may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." *Id.* § 551.142(a).

---

[3] Certain exceptions, not applicable to the present case, do not require open meetings. *See* TEX. GOV'T CODE ANN. §§ 551.071–.090.

However, TOMA's waiver of sovereign immunity only extends to mandamus or injunctive relief for actual or threatened violations of TOMA, not to suits for declaratory relief. *Swanson*, 590 S.W.3d at 554. For portions of the notice provisions of TOMA, the Supreme Court of Texas has held that substantial compliance with the act is sufficient so long as the notice "would alert a reader to the fact that some action would be considered" for the particular agenda item. *Cox Enters., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 958 (Tex. 1986) (quoting *Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641, 646 (Tex. 1975)). Additionally, the location of a meeting may be sufficient without including the full street address, name of the city, or meeting room, so long as the notice sufficiently apprises the plaintiffs of the location. *Terrell v. Pampa Indep. Sch. Dist.*, 572 S.W.3d 294, 299–300 (Tex. App.—Amarillo 2019, pet. denied) (holding "Pampa High School" was sufficient to designate the meeting location where there was no evidence that the lack of specificity prevented any persons from attending the meeting). However, other provisions of the notice requirements, such as date, time, accessibility, and location of the notice, require strict compliance. *Smith County v. Thornton*, 726 S.W.2d 2, 3 (Tex. 1986) (requiring strict compliance that notice be "readily accessible to the general public for at least 72 hours preceding" the meeting in question).

## C.      Municipal Tax Provisions

Former Texas Local Government Code § 140.010(c) states that a municipality that provides notice under § 140.010(c) "is exempt from the notice and publication requirements of Sections 26.04(e), 26.052, and 26.06, Tax Code, as applicable, and is not subject to an injunction for failure to comply with those requirements." Acts 2015, 84th

Leg., ch. 546 (H.B. 1953), § 1, eff. Jan. 1, 2016 (repealed 2020)[4]. Section 140.010(e) contains the requirements for publication notice for proposed tax rates that exceed the lower of the effective tax rate or the rollback tax rate, which the instant proposal did. TEX. LOCAL GOV'T CODE ANN. § 140.010(e). Relevant to the dispute, § 140.010(e) required the notice to contain the date, time, and location of two meetings at which the proposed tax increase will be discussed. *Id.*

Former § 26.04(e) of the Texas Tax Code required a designated officer or employee to submit the tax rates to the governing body and mail to each property owner, or publish in a newspaper, necessary information related to the tax increase and accompanying budget. Acts 2015, 84th Leg., ch. 465 (S.B. 1), § 4, eff. June 15, 2015 (amended by Acts 2019, 86th Leg., ch. 944 (S.B. 2), §§ 35, 36) (current version at TEX. TAX CODE ANN. § 26.04(e)).

> A person who owns taxable property is entitled to an injunction prohibiting the taxing unit in which the property is taxable from adopting a tax rate if the assessor or designated officer or employee of the unit, as applicable, has not complied with the computation or publication requirements of this section and the failure to comply was not in good faith.

*Id.* § 26.04(g).

Former § 26.05(b)(2) of the Texas Tax Code required the taxing unit to include a notice on the homepage of the unit's webpage that contains:

(A)    the following statement: "(Insert name of unit) ADOPTED A TAX RATE THAT WILL RAISE MORE TAXES FOR MAINTENANCE AND OPERATIONS THAN LAST YEAR'S TAX RATE"; and

(B)    if the tax rate exceeds the effective maintenance and operations rate, the following statement: "THE TAX RATE WILL EFFECTIVELY BE

---

[4] Due to numerous repealed or amended acts contained within this opinion, after the initial citation we will refer to each statute by the code and section number rather than legislative act for clarity.

RAISED BY (INSERT PERCENTAGE BY WHICH THE TAX RATE EXCEEDS THE EFFECTIVE MAINTENANCE AND OPERATIONS RATE) PERCENT AND WILL RAISE TAXES FOR MAINTENANCE AND OPERATIONS ON A $100,000 HOME BY APPROXIMATELY $(Insert amount)."

Acts 2015, 84th Leg., ch. 481 (S.B. 1760), § 5, eff. Jan. 1, 2016 (amended by Acts 2019, 86th Leg., ch. 944 (S.B. 2), § 46) (current version at TEX. TAX CODE ANN. § 26.05(b)(2)). Further, when moving to adopt the ordinance, the following form is required: "I move that the property tax be increased by the adoption of a tax rate of (specify tax rate), which is effectively a (insert percentage by which the proposed tax rate exceeds the effective tax rate) percent increase in the tax rate." *Id.* § 26.05(b). Further, the taxing unit must hold two public hearings on the proposed tax rate and "otherwise compl[y] with Section 26.06 . . . ." *Id.* § 26.05(d). "A person who owns taxable property is entitled to an injunction restraining the collection of taxes by a taxing unit in which the property is taxable if the taxing unit has not complied with the requirements of this section and the failure to comply was not in good faith." *Id.* § 26.05(e).

Former § 26.06(e) of the Texas Tax Code required:

The meeting to vote on the tax increase may not be earlier than the third day or later than the 14th day after the date of the second public hearing. The meeting must be held inside the boundaries of the taxing unit in a publicly owned building or, if a suitable publicly owned building is not available, in a suitable building to which the public normally has access. If the governing body does not adopt a tax rate that exceeds the lower of the rollback tax rate or the effective tax rate by the 14th day, it must give a new notice under Subsection (d) before it may adopt a rate that exceeds the lower of the rollback tax rate or the effective tax rate.

Acts 2015, 84th Leg., ch. 481 (S.B. 1760), § 6, eff. Jan. 1, 2016 (amended by Acts 2019, 86th Leg., ch. 944 (S.B. 2), § 48, eff. Jan. 1, 2020) (current version available at TEX. TAX

13

CODE ANN. § 26.06(e)).

#### IV. ANALYSIS

By his first issue, appellant asserts various waivers of immunity for the City. Those assertions include inapplicable waivers under Texas Civil Practice and Remedies Code §§ 101.0215(26) and 101.025(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.0215(26), 101.025(a). Specifically, appellant cites to Chapter 101 of the Texas Civil Practice and Remedies Code, the Texas Tort Claims Act (TTCA), which only waives immunity for torts arising for "property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment . . . ." *Id.* § 101.021. Because appellant has not asserted such claims, waivers of immunity under the TTCA are inapplicable. *See id.*

Appellant further asserts that injunctive relief pursuant to Texas Civil Practice and Remedies Code § 65.011 constitutes a waiver of immunity. *See* TEX. CIV. PRAC. & REM. CODE § 65.011. However, a waiver of immunity is not found within Chapter 65. *See* TEX. GOV'T CODE ANN. § 311.034; *It-Davy*, 74 S.W.3d at 854–55. Accordingly, our analysis will focus on the waivers contained in TOMA, UDJA, the municipal tax provisions, and the jurisdictional facts challenged by appellees therein. *See* TEX. GOV'T CODE ANN. § 551.142(a); TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a); TEX. TAX CODE ANN. §§ 26.04(g), 26.05(e).

#### A. Uniform Declaratory Judgment Act

The UDJA waives immunity to permit an interested person to challenge the validity of an ordinance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a); *Heinrich*, 284

14

S.W.3d at 372. In the present suit, appellant sought a judgment "declaring that the [o]rdinances are invalid and void ab initio" due to appellees' alleged TOMA and tax code violations. Appellees, in response, filed a plea to the jurisdiction asserting the jurisdictional facts do not support appellant's claims and attached evidence they claim support their position. As such, we review the jurisdictional facts as they relate to appellees' alleged violations of TOMA and the relevant tax provisions to determine whether appellant is entitled to the declaratory relief for which he seeks. *Cf. Miranda*, 133 S.W.3d at 227. As discussed *infra*, we conclude that the jurisdictional record does not establish a violation of TOMA or the tax code.

## B.     TOMA

The sole alleged TOMA violation occurred on September 4 during the City's consideration of the two ad valorem tax ordinances when the City voted to approve the first reading. However, Boswell is clearly heard on camera, prior to the final vote on the first reading of each ordinance, asking for discussion. Assuming, arguendo, that Boswell's call for discussion was not clearly directed to the public, appellant would remain unsuccessful. The ordinances were not adopted until September 17. Only an action taken in violation of TOMA is voidable. TEX. GOV'T CODE ANN. § 551.141; *Foreman v. Whitty*, 392 S.W.3d 265, 277 (Tex. App.—San Antonio 2012, no pet.); *see Tex. State Bd. of Pub. Acct. v. Bass*, 366 S.W.3d 751, 761 (Tex. App.—Austin 2012, no pet.) ("[P]roving that a meeting violated the Act does not necessarily render voidable all related subsequent actions by a governmental body[.]"); *Hill v. Palestine Indep. Sch. Dist.*, 113 S.W.3d 14, 17 (Tex. App.—Tyler 2000, pet denied) (holding a deliberation that violated TOMA did not

15

render voidable a subsequent vote held in compliance with TOMA). Because the vote to adopt the ordinances did not occur until September 17, a meeting not alleged to have violated TOMA, appellant is not entitled to the relief he seeks—an injunction against the collection of taxes pursuant to the ordinances adopted on September 17. *See* TEX. GOV'T CODE ANN. § 551.141; *Foreman*, 392 S.W.3d at 277. Accordingly, the jurisdictional facts do not support a waiver of immunity under TOMA. *Miranda*, 133 S.W.3d at 228. Further, appellees maintain immunity against appellant's request for a declaratory judgment under TOMA. *Swanson*, 590 S.W.3d at 554. Appellant's first issue as to TOMA violations is overruled.

**C.    Municipal Tax Codes**

Appellant next argues appellees failed to comply with Texas Local Government Code § 140.010 because the notice simply stated the meetings would be held at "Town Hall" rather than including "an address in the city where the public would congregate." *See* TEX. GOV'T CODE ANN. § 140.010(e) (requiring notice of "location of meeting").

However, it is important to note that appellant does not allege that the notice caused him to miss either of the meetings, and it is undisputed that appellant made it to each meeting. *Cf. Terrell*, 572 S.W.3d at 299–300 (holding notice of meeting at "Pampa High School" was sufficient for TOMA's location requirements). We conclude that the notice sufficiently apprised appellant of the meeting location and met the requirement to state the "location of meeting" in the publication. *See* TEX. LOCAL GOV'T CODE ANN § 140.010(e).

Appellant also asserts the notice was not compliant because "[appellees] didn't

16

place it twice as they should have for [two] separate hearings." However, a requirement that the notice be published twice does not exist within § 140.010. *See id.* § 140.010. Because we have concluded that appellees' notice complied with § 140.010(e), appellees are "exempt from the notice and publication requirements of Sections 26.04(e), 26.052, and 26.06, [of the Texas] Tax Code" and "[are] not subject to an injunction for failure to comply with those requirements." *See* TEX. LOCAL GOV'T CODE ANN. § 140.010(c).

Nevertheless, appellant asserts that the timing requirements of § 26.06(e) are not "notice and publication requirements" as contemplated and thus appellees were still required to comply. Accordingly, we must determine whether § 140.010(c) exempted appellees from compliance with the timing requirements of Texas Tax Code § 26.06(e). *See* TEX. TAX CODE ANN. § 26.06(e). Under § 26.06(e) of the Texas Tax Code, the City was required to hold a meeting to vote on the tax ordinances not "earlier than the third day or later than the [fourteenth] day after the date of the second public hearing." *See id.* The second meeting was held on August 21. As such, the earliest the City could have held the meeting to vote on the ordinance was August 24 while the latest was September 4. *See id.* However, any failure to do so only requires the City to post additional notice under § 26.06(d). *See id.* Because the City was already exempt from the notice requirements of § 26.06(d), any failure to vote within the prescribed time frame is harmless. *See* TEX. LOCAL GOV'T CODE ANN. § 140.010(c). Further, § 26.06(e) provides no authority for a court to enjoin the collection of taxes for failure to comply with § 26.06(e). *Compare* TEX. TAX CODE ANN. § 26.06 *with id.* § 26.04(g) (providing for injunctive relief for failure to comply with the provisions of §26.04). Accordingly, appellant

is not entitled to the relief for which he seeks under this alleged violation of the Texas Tax Code. As such, immunity has not been waived.

Appellant also alleges that appellees failed to follow the specific language requirement when it moved to adopt the tax ordinances. *See* TEX. TAX CODE ANN. § 26.05(b). Section 26.05(b) mandates:

> A motion to adopt an ordinance, resolution, or order setting a tax rate that exceeds the effective tax rate must be made in the following form: "I move that the property tax rate be increased by the adoption of a tax rate of (specify tax rate), which is effectively a (insert percentage by which the proposed tax rate exceeds the effective tax rate) percent increase in the tax rate."

*Id.* According to appellant, the movant for the vote should have stated "I move that the property tax rate be increased by the adoption of a tax rate of .630000, which is effectively a 9.81 percent increase in the tax rate." However, ".630000" alone is not a tax rate. A tax rate should either be expressed as a percentage or as one amount calculated per another amount (example $0.630000 per $100). *See, e.g.*, TAX RATE, Black's Law Dictionary (11th ed. 2019). Further, our review of the record reveals that Commissioner Mezmar stated, "I move that the property tax rate be increased by the adoption of a tax rate of 0.63000 per $100 assessed, which is effectively a 9.81 percent increase in the tax rate." Commissioner Mezmar's recitation of the motion matches verbatim the statutory requirement. *See* TEX. TAX CODE ANN. § 26.05(b). We conclude that the jurisdictional record does not establish a violation of the tax code.

In his fourth amended petition appellant asserted that appellees failed to comply with the website notice requirements of Texas Tax Code §§ 26.05(a), (c), (d), 26.06(c). However, Texas Tax Code § 26.05(a), (c) and (d) do not contain requirements to post

18

any notices on the City's webpage. As discussed *supra*, appellees were exempt from the notice and publication requirements of § 26.06(c). *See* Tex. Local Gov't Code Ann. § 140.010(c). On appeal, appellant broadly asserts that the information published on the City's website "should have been on the website home page, by September 5, 2019, when they should have concluded the tax rate adoption." Although it is unclear what statute would require such posting, we note that the record establishes that the City posted the following notice to its homepage:

2019 Tax Ordinance Announcement

THE CITY OF HARLINGEN ADOPTED A TAX RATE THAT WILL RAISE MORE TAXES FOR MAINTENANCE AND OPERATIONS THAN LAST YEAR'S TAX RATE.

THE TAX RATE WILL EFFECTIVELY BE RAISED BY 12.19 PERCENT AND WILL RAISE TAXES FOR MAINTENANCE AND OPERATIONS ON A $100,000 HOME BY APPROXIMATELY $56.30.

As appellant notes, "[n]o longer is the information posted on the homepage." However, appellant failed to present evidence that would raise a fact issue as to whether the City previously posted the notice to the website. We conclude this language meets the requirements of Texas Tax Code § 26.05(b)(2), which requires the notice be published *after* the ordinance is adopted. *See* Tex. Tax Code Ann. § 26.05(b)(2). As such, we find no support for appellant's assertion that the announcement "should have been on the website homepage by September 5, 2019 . . . ." Accordingly, appellant's first issue as it relates to the municipal tax provisions is overruled.

We conclude that the jurisdictional record establishes no statutory violation that would support a waiver of the City's immunity. *See Miranda*, 133 S.W.3d at 228.

19

Appellant's first and second issues are overruled. Because we conclude immunity was not waived, we decline appellees' invitation to determine that appellant lacked standing as it is not necessary to the resolution of the appeal.

## V. FIRST AMENDMENT VIOLATION

By his third issue, appellant broadly asserts "[First] Amendment free speech rights have TOMA backing since September 1, 2019 . . . ." An appellant's argument "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "However, briefs must also 'be liberally, but reasonably, construed so that the right to appeal is not lost by waiver.'" *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) (per curiam) (quoting *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam)). When determining whether a matter has been adequately briefed, we are instructed "to look not simply at the wording of parties' issues, but also the arguments, evidence, and citations relied on . . . ." *Id.* at 733 Failure to adequately brief an issue may result in waiver of the complaint. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018); *see also H&H Sand & Gravel, Inc. v. Suntide Sandpit, Inc.*, No. 13-17-00510-CV, 2019 WL 2293585, *7 (Tex. App.—Corpus Christi–Edinburg May 30, 2019, pet. denied) (mem. op.).

Here, appellant merely recites various historical facts and concludes "[p]roperty taxes are vital" and "so is free speech." Appellant provides no authority in support of his claim, nor "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i); *RSL Funding*, 569 S.W.3d at 126. Appellant's third issue is overruled as waived.

## VI. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
9th day of September, 2021.